IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 32832-5-III |
| | ) | |
| HOLLY PERSINGER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| MARC PERSINGER, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Marc Persinger appeals the dissolution court's ruling denying his CR 60(b)(5) motion to vacate its decree awarding 50 percent of Mr. Persinger's pending Department of Labor and Industries (L&I) settlement to Holly Tatum (formerly known as Persinger). Because the transfer is void under RCW 51.32.040(1), we reverse and remand with instructions to vacate that portion of the decree purporting to assign to Ms. Tatum part of Mr. Persinger's L&I compensation award, with leave to reconsider the overall property division.

FACTS

Mr. Persinger and Ms. Tatum married in 1991 and dissolved their marriage in 2013. In their pro se dissolution action, the parties submitted an agreed proposed

division of assets and liabilities. The court entered a decree of dissolution, accepting their agreement. Exhibit A to the decree set forth the parties' division of property and stated that each would receive "50% of L&I settlement and or pension." Clerk's Papers (CP) at 32. During the dissolution, Mr. Persinger was in the midst of a workers compensation settlement dispute with L&I regarding benefits related to a 2007 injury. After dissolution, the Board of Industrial Insurance Appeals found Mr. Persinger was "permanently totally disabled" and was entitled to disability compensation. CP at 56. Mr. Persinger asked his industrial insurance appeals attorney about Ms. Tatum's share of the L&I settlement and was advised to consult a family law attorney because the portion of the decree awarding her 50 percent of the settlement may not be valid.

On August 21, 2014, Mr. Persinger filed a CR 60(b)(5) motion to vacate the decree, arguing the award to Ms. Tatum of L&I benefits was void. Ms. Tatum responded with a motion for contempt and other post-decree relief. The court denied Mr. Persinger's CR 60(b)(5) motion concerning the L&I benefits and found him in contempt of the 2013 decree. Mr. Persinger appealed.

## ANALYSIS

The issue is whether the trial court erred in denying Mr. Persinger's CR 60(b)(5) motion to vacate. Mr. Persinger contends the provision in the parties' decree relating to the equitable division of L&I benefits is void under RCW 51.32.040(1).

We review a CR 60(b) motion for abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). "A trial court abuses its discretion if its decision is

2

manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). Our review of a CR 60(b) decision is limited to the trial court's decision, not the underlying order the party seeks to vacate. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). CR 60(b)(5) mandates the court vacate a void judgment upon motion of a party, irrespective of the lapse of time. *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989).

Under the Industrial Insurance Act, chapter 51.32 RCW, a worker may not voluntarily assign any compensation benefits to another person. RCW 51.32.040(1). Any such transfer is void. *In re Marriage of Dugan-Gaunt*, 82 Wn. App. 16, 19, 915 P.2d 541 (1996) (citing RCW 51.32.040(1)); *see also* A. Larson, *Workers' Compensation Law*, § 2.60 (1989) (claimant's lack of ownership in benefits seen as inability to assign benefits). Mr. Persinger argues this statute voids the portion of the parties' decree relating to compensation benefits. Statutory interpretation is a question of law, that we review de novo. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). The purpose of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* To determine legislative intent, we first look to the statute's plain language. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

RCW 51.32.040(1) states, "No money paid or payable under this title shall, before the issuance and delivery of the payment, be assigned, charged, or taken in

3

execution, attached, garnished, or pass or be paid to any other person by operation of law, any form of voluntary assignment, or power of attorney." The question of whether this statute prohibits assignments in dissolution proceedings has been asked, and answered, in *In re Marriage of Dugan-Gaunt*, 82 Wn. App. 16.

In *In re Marriage of Dugan-Gaunt*, the parties' dissolution decree awarded the wife "40 percent of any future workers compensation settlement from an on-the-job injury." 82 Wn. App. at 18. On modification, the court ordered the settlement to be allocated, "first, to Arlynda Dugan Gaunt, the sum of $2,311.64 shall be paid; of the remainder, 40% shall be paid to Arlynda Dugan Gaunt, and the remainder to Chris Fred Gaunt." *Id.* Mr. Gaunt unsuccessfully requested the court vacate the modification order. On appeal, Division Two of this court held, "Chris's compensation benefits were not before the court in the dissolution . . . . The decree, therefore, cannot be used to overcome the clear statutory language prohibiting the transfer of workers' compensation benefits. RCW 51.32.040." *Id.* at 19-20. The *Dugan-Gaunt* court, therefore, held the trial court abused its discretion in denying the motion to vacate.

Mr. Persinger correctly argues his case is analogous to *In re Marriage of Dugan-Gaunt*. Both Mr. Persinger and Mr. Gaunt suffered on the job injuries and were waiting to settle their claims at the time of divorce. Neither party had an ownership interest in the benefits to grant the court the authority to assign the benefits. Ms. Tatum unpersuasively asserts because payment would not be made directly to her, it would first go to Mr. Persinger, then RCW 51.32.040(1) does not apply. First, payments did

4

not go directly to the wife in *In re Marriage of Dugan-Gaunt*. Second, a court order awarding a portion of compensation benefits to another party, whether directly or indirectly, violates RCW 51.32.040(1)'s clear mandate, "no money paid or payable under this title shall, . . . be assigned, charged, or taken in execution, attached, garnished, or pass or be paid to any other person by operation of law[.]"

Additionally, in *Clingan v. Department of Labor and Industries*, 71 Wn. App. 590, 593-94, 860 P.2d 417 (1993), the wife sought an industrial insurance surviving spouse benefit under RCW 51.32.050(6), claiming because her dissolution decree had been set aside nunc pro tunc after the death of her ex-husband, she was still his spouse and entitled to benefits. L&I denied the claim. Division One of this court affirmed the denial of benefits, finding that the court that entered the nunc pro tunc order was without jurisdiction and that the order was therefore void. The court noted there was no "benefit to distribute at the time of entry of the decree and property settlement, so the instruments' failure to address that asset could not have been error." *Id.* at 593-94. Citing RCW 51.32.040, the court continued, "At the time of the dissolution, Mrs. Clingan did not have a right to receive a portion of Mr. Clingan's pension because it was a statutory entitlement personal to him and could not be divided in a property settlement." *Id.* at 594. Lastly, the court stated, "In fact, had Mr. Clingan's right to receive the pension been apportioned according to community property tenets or by agreement of the parties, that division would have been void." *Id.*

5

Based on both the plain language of RCW 51.32.040 and relevant case law, Ms. Tatum did not have a right to receive a portion of Mr. Persinger's L&I benefits because it was a statutory entitlement personal to him. Thus, that portion of the parties' property distribution is void under RCW 51.32.040(1). Accordingly, it was an abuse of discretion for the trial court to deny Mr. Persinger's motion to vacate.

We note while an assignment of compensation benefits is void under RCW 51.32.040(1), the statute does not expressly limit a court's ability to take into account such benefits in making a just and equitable property division. *See In re Marriage of Zahm*, 138 Wn.2d 213, 222, 978 P.2d 498 (1999) ("while the anti-reassignment clause of the Social Security Act precludes a trial court from directly dividing social security income in a divorce action, a trial court may still properly consider a spouse's social security income within the more elastic parameters of the court's power to formulate a just and equitable division of the parties' marital property.")

Lastly, Ms. Tatum argues if we reverse the trial court's ruling, then we must order modification of the decree. But, our review is limited to the trial court's decision, not the underlying order that the party seeks to vacate. *Bjurstrom*, 27 Wn. App. at 450-51. Any further relief is left to the parties in the dissolution court.

No. 32832-5-III
*In re Marriage of Persinger*

Reversed. Remanded for proceedings consistent with this opinion.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.