# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re the Parenting and Support of K.J.W., Child<br><br>GLENDA RAE TOMES,<br><br>                     Respondent,<br><br>    v.<br><br>DONALD RANDY WALLACE,<br><br>                     Appellant. | No. 47037-3-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Donald Wallace appeals the trial court's order denying his CR 60(b) motion to vacate the trial court's order awarding primary residential custody and child support to Glenda Tomes regarding their son KJW, as well as the trial court's imposition of reasonable attorney fees against Wallace and his attorney. We hold that (1) the trial court did not abuse its discretion in denying Wallace's motion to vacate under CR 60(a)(1) and CR 60(a)(4), and (2) the trial court did not abuse its discretion in imposing reasonable attorney fees as sanctions against Wallace and his attorney. However, we hold that the trial court erred in entering a specific attorney fee award without entering findings of fact supporting the amount of the award. In addition, we hold that Wallace's appeal was frivolous and therefore award Tomes her reasonable attorney fees on appeal.

Accordingly, we affirm the trial court's denial of Wallace's CR 60(b) motion to vacate and the award of sanctions against Wallace and his attorney, remand for the trial court to enter findings regarding the amount of attorney fees awarded, and we award Tomes her reasonable attorney fees on appeal.

FACTS

Wallace and Tomes are the parents of KJW. Tomes and Wallace were never married to one another, but both parents signed an acknowledgment of paternity that Wallace is KJW's father.

In August 2012, Tomes filed a petition pursuant to RCW 26.26.375 to establish a residential schedule, parenting plan, and child support order based on KJW residing with her. Tomes' petition requested that the trial court order Wallace to pay past support for KJW and adopt her proposed parenting plan. Wallace apparently objected to Tomes' petition.

Tomes' signed petition stated that "I have not been involved in any other proceeding regarding the child" and "I do not know of any other legal proceedings concerning the child." Clerk's Papers (CP) at 3. However, two months before Tomes submitted her petition, KJW had pleaded guilty to first degree child molestation and became involved with a special sex offender disposition alternative (SSODA) program.

At trial, the trial court heard testimony from the parties and other witnesses, and considered other evidence. The trial court concluded that it would be in KJW's best interest for his primary residential care provider to be Tomes. The court also ordered Wallace to pay child support. Tomes' and Wallace's attorneys both signed the submitted child support schedule worksheet listing both parties' incomes, which the trial court incorporated by reference into its

final order. The trial court calculated Wallace's monthly gross income as $12,000 based on Wallace's monthly capital gains and business income. The trial court ordered Wallace to pay approximately $1,584 per month in child support. Wallace did not appeal the trial court's judgment.

Sometime after trial, Wallace obtained new counsel. In September 2014, Wallace filed a motion to vacate the trial court's final order under CR 60(b) on the grounds of mistake or irregularity, misrepresentation, or any other reason for justifying relief. Tomes filed a declaration denying that the trial court had grounds to vacate the final order. She also contended that Wallace's motion was not grounded in fact, warranted by existing law, and was brought to harass her and needlessly increase the cost of litigation, and requested an award of $1,500 in attorney fees. The trial court denied Wallace's CR 60(b) motion and awarded reasonable attorney fees of $1,500 to Tomes.

Wallace appeals both the denial of his CR 60(b) motion and the award of reasonable attorney fees to Tomes.

## ANALYSIS

A. VACATION OF JUDGMENT UNDER CR 60(B)

Wallace argues that the trial court erred in denying his motion to vacate the trial court's final order awarding child support and primary custody under CR 60(b) because (1) there were several irregularities at trial and (2) Tomes made several misrepresentations to the court. We disagree.

1.  Legal Principles

The decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's discretion. *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). Therefore, we review CR 60(b) orders for abuse of discretion. *Tamosaitis v. Bechtel Nat'l, Inc.*, 182 Wn. App. 241, 254, 327 P.3d 1309, *review denied*, 181 Wn.2d 1029 (2014). A trial court abuses its discretion if its decision is based on untenable grounds or reasons. *Id.*

Review of a decision on a motion to vacate is limited to the decision on the motion, not the underlying judgment. *In re Marriage of Persinger*, 188 Wn. App. 606, 609, 355 P.3d 291 (2015). Legal errors are not correctable under CR 60(b). *Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d 328, 336, 722 P.2d 67 (1986). The proper way to remedy such errors is a direct appeal. *Id.*

2.  CR 60(b)(1)

Wallace argues that several trial irregularities hindered his right to a fair trial and supports relief from the trial court's judgment under CR 60(b)(1). We disagree.

CR 60(b)(1) provides that the trial court may relieve a party from a final judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Irregularities under CR 60(b)(1) are those relating to a failure to adhere to some prescribed rule or mode of proceeding. *In re Marriage of Adler*, 131 Wn. App. 717, 724, 129 P.3d 293 (2006). They usually involve procedural defects unrelated to the merits that put the integrity of the proceedings in question. *See In re Marriage of Tang*, 57 Wn. App. 648, 654-55, 789 P.2d 118 (1990).

4

Wallace identifies four alleged irregularities that he claims justified vacating the final child support and parenting plan order under CR 60(b)(1): (1) the trial court relied on Tomes' unadmitted exhibits in calculating Wallace's monthly income for purposes of child support, (2) the trial court concluded that Tomes' monthly income was $3,390 even though Tomes' had a side business preparing tax returns, (3) the trial court found that KJW's medical insurance premiums were higher than Tomes testified at trial, and (4) the trial court ignored KJW's preference to live with his father in awarding KJW's placement to Tomes.

However, none of these purported irregularities relate to the trial court's alleged failure to adhere to a prescribed rule or mode of proceeding. Instead, Wallace essentially is arguing that the trial court erred in making certain rulings at trial. These arguments should have been raised in a direct appeal, and are not grounds for relief under CR 60(b). *Burlingame*, 106 Wn.2d at 336. As a result, we hold that the trial court did not abuse its discretion in denying Wallace's motion to vacate under CR 60(b)(1).

3. CR 60(b)(4)

Wallace argues that Tomes made several misrepresentations in the trial court that supports relief from the trial court's judgment under CR 60(b)(4). Wallace alleges that Tomes misrepresented (1) the correct statute to adjudicate the child support and custody dispute, (2) her knowledge of KJW's criminal case, and (3) information in her child support worksheets. We disagree that Wallace is entitled to relief on this basis.

CR 60(b)(4) authorizes a trial court to vacate a judgment for "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." In addition, CR 60(b)(11) permits the vacation of a judgment for "[a]ny other reason justifying

relief from the operation of the judgment." However, vacation of a judgment is an extraordinary remedy. *See Dalton v. State*, 130 Wn. App. 653, 665, 124 P.3d 305 (2005). Therefore, the moving party must provide clear and convincing evidence of fraud, misrepresentation, or misconduct in order to vacate a judgment. *Id.* Clear and convincing evidence is that which shows the ultimate fact at issue to be highly probable. *Id.* at 666.

Even if the moving party demonstrates that the other party engaged in misrepresentation, a trial court may grant relief under CR 60(b)(4) only if the moving party presents clear and convincing evidence of at least two additional elements. *See Peoples State Bank v. Hickey*, 55 Wn. App. 367, 371-72, 777 P.2d 1056 (1989). First, the moving party must have relied on or been misled by the misrepresentation. *See id.* Reasonable reliance is an element of actionable misrepresentation. *See Dewar v. Smith*, 185 Wn. App. 544, 561-62, 342 P.3d 328, *review denied*, 183 Wn.2d 1024 (2015).

Second, there must be some connection between the misrepresentation and obtaining the judgment. *See Hickey*, 55 Wn. App. at 372. The rule is aimed at judgments that were unfairly obtained. *Dalton*, 130 Wn. App. at 668. Therefore, the wrongful conduct must have "prevented a full and fair presentation" of the moving party's case. *Id.* at 665. "Fraud or misconduct that is harmless will not support a motion to vacate." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE § 8, at 613 (6th ed. 2013).[1]

---

[1] Wallace's opening brief contends that "it is the misrepresentations themselves, not their effect on the proceedings that control whether relief should be granted." Br. of Appellant at 11-12. This is not the correct legal standard.

a. Correct Statute

Wallace argues that Tomes misrepresented the correct statute to commence her case for child support and primary custody of KJW. We disagree.

Tomes filed her petition under chapter 26.26 RCW. Wallace cites to RCW 26.26.031, which states that "[t]he superior courts of this state are authorized to adjudicate parentage under this chapter." Focusing purely on this statute, Wallace contends that parentage was not at issue in the dispute between Wallace and Tomes, and concludes that the case was adjudicated under the wrong statutory scheme.

However, Wallace overlooks the language in RCW 26.26.375, which Tomes cited to in her petition, entitled "Judicial proceedings,"

(1) After the period for rescission of an acknowledgment of paternity provided in RCW 26.26.330 has passed, a parent executing an acknowledgment of paternity of the child named therein may commence a judicial proceeding for:
(a) Making residential provisions or a parenting plan with regard to the minor child on the same basis as provided in chapter 26.09 RCW; or
(b) Establishing a child support obligation under chapter 26.19 RCW and maintaining health insurance coverage under RCW 26.09.105.
(2) Pursuant to RCW 26.09.010(3), a proceeding authorized by this section shall be titled "In re the parenting and support of.... "

The parties did not contest below that Wallace had filed an acknowledgment of paternity addressing his parentage of KJW or that two years or more had passed since the date Wallace had the filed the acknowledgment.

Pursuant to RCW 26.26.375, once paternity has been acknowledged, the parties may commence a judicial proceeding for a parenting plan on the same basis as provided in chapter 26.09 RCW or child support proceedings as provided in chapter 26.19 RCW. This provision allows the unmarried parents of a child, who would not be covered under chapter 26.09

(governing dissolution proceedings), to bring a cause of action to resolve issues relating to establishing a parenting plan, child support, and health insurance for a minor child. Wallace does not suggest that Tomes should have brought her petition under any other statute.

Tomes did not file her petition under the incorrect statute or misrepresent the correct statute. Accordingly, we reject this argument.

b.    Tomes' Knowledge of KJW's Criminal Case

In Tomes' petition for child support and primary custody of KJW filed August 2012, her signed petition stated that "I have not been involved in any other proceeding regarding the child" and "I do not know of any other legal proceedings concerning the child." CP at 3. KJW was charged and pleaded guilty to first degree child molestation in June 2012. Based on this evidence, Wallace argues that Tomes misrepresented her ignorance of the other proceedings involving KJW in the petition. We hold that Wallace did not show that either he or the court relied on any such misrepresentation.

Tomes seems to admit that she did file her petition with a statement that she did not know of any legal proceedings concerning KJW. However, she argues that this issue was raised at trial and therefore any misrepresentation was alleviated. Tomes did testify at trial that she was aware that KJW had pleaded guilty to first degree child molestation and was involved in the SSODA program. Therefore, the trial court could not have been deceived by Tomes' initial petition that erroneously stated that Tomes was unaware of KJW's legal proceedings.

In addition, to vacate the judgment on this ground Wallace must demonstrate by clear and convincing evidence that he relied on this misrepresentation and that there was a connection between the misrepresentation and obtaining the judgment. *Hickey*, 55 Wn. App. at 371-72.

Wallace does not argue the he relied on this misrepresentation or that the misrepresentation impacted the trial court's judgment. Therefore, we reject this argument.

        c.    Incomplete Child Support Schedule Worksheets

Wallace points to several purported misrepresentations in Tomes' submitted child support schedule worksheets, which he contends were sufficient grounds for the trial court to grant his CR 60(b) motion. [2] We hold that Wallace was not entitled to vacate the judgment on this ground.

First, Wallace argues that Tomes made a misrepresentation in part I, section 2(h) of her worksheet because she noted that Wallace has $12,000 of business income and capital gains, but did not also list any deductions for Wallace. Wallace is correct that Tomes did not include any deductions for Wallace's business expenses. However, this was not a misrepresentation to the court. RCW 26.19.071(3) requires capital gains and business income to be computed as gross monthly income for child support. [3] Business expenses are not listed under RCW 26.19.071(4) or (5) to be excluded from gross monthly income or deducted from a parent's gross monthly income. Therefore, it appears that it was appropriate for Tomes not to include any deductions.

Second, Wallace argues that part V of the worksheet incorrectly attributes a $131 monthly health care expenses credit to Tomes. Wallace argues that because he was ordered to pay $105.06 (roughly 80 percent of KJW's monthly health care expenses), that he should have received at least part of the $131 monthly health care expenses credit. This argument seems to

---

[2] The record on appeal does not include the specific Washington State child support schedule worksheets that were submitted by Tomes. The parties cite to the child support schedule worksheets that were signed by the trial court and subsequently signed by each party's attorney.

[3] RCW 26.19.071(3) states "monthly gross income shall include income from any source, including: . . . (m) Capital gains; . . . (u) Income from self-employment, rent, royalties, contracts, proprietorship of a business, or joint ownership of a partnership or closely held corporation."

relate to an alleged error by the trial court in calculating the child support award that he should have raised on direct appeal. *See Burlingame*, 106 Wn.2d at 336. In any event, Wallace's argument does not suggest clear and convincing evidence of a misrepresentation to the court.

Third, Wallace argues that Tomes made misrepresentations by leaving blank multiple sections of part VIII of her child support worksheet. Wallace claims that Tomes should have shown amounts under all of those sections.

Even if leaving these sections blank amounted to misrepresentations, Wallace does not provide any evidence that either he or the trial court relied on any omissions on the child support worksheet or that the omissions affected the judgment. At the hearing on the CR 60(b) motion, the trial court stated that there are often blanks in the child support worksheet because many sections do not apply. The trial court was in the best position to assess the impact of these omissions on its rulings, and it rejected Wallace's CR 60(b) motion despite the blanks.

In addition, Wallace obviously was aware that there were multiple blanks in the child support worksheet at the time of trial, and did not object. In fact, Wallace's counsel signed the child support worksheet and urged the trial court to adopt it. ("[W]e ask that the Court . . . look at the child support worksheets entered as an exhibit and adopt the same"). Report of Proceedings at 651. Under these circumstances, Wallace cannot show that he was misled by the blanks.

Accordingly, we hold that the trial court did not abuse its discretion in denying Wallace's motion under CR 60(a)(4).

B.    CR 11 SANCTIONS

1.    Trial Court Award of Sanctions

Wallace argues that the trial court abused its authority when it imposed sanctions against Wallace and his attorney under CR 11.[4]  We disagree.

We review a superior court's decision to award attorney fees as a CR 11 sanction for abuse of discretion.  *Wixom v. Wixom*, 190 Wn. App. 719, 725, 360 P.3d 960 (2015).  We will reverse an award of attorney fees only if the trial court exercised its discretion on untenable grounds or for untenable reasons.  *Id.*

CR 11 provides that a trial court may sanction an attorney for a claim that is not warranted by existing law or a good faith argument for a change in the law or for a claim brought for an improper purpose, such as harassment or undue delay.  RCW 4.84.185 allows a court to require a party who brings a frivolous claim to pay the prevailing party's attorney fees and costs incurred in opposing the frivolous action.

The trial court found that "[t]he Respondent's Motion is frivolous.  The Motion is not well grounded in fact.  The Motion is not warranted by existing law and was brought for the improper purpose of harassing the Petitioner and increasing the costs of litigation."  CP at 212.

Wallace argues that he filed the CR 60(b) motion to allow the trial court to address the issues and errors he asserted on appeal, not for an improper purpose.  However, Wallace's claims

---

[4] The trial court order actually only imposed "reasonable attorney fees" based on its finding that Wallace's motion was frivolous, not warranted by existing law or fact, brought to harass Tomes, and brought to increase the cost of litigation.  CP at 212-13.  The trial court's order never characterizes the reasonable attorney fees as sanctions under CR 11.  However, because Wallace challenges the trial court's order under CR 11, we address the award of reasonable attorney fees treating them as CR 11 sanctions.

primarily challenged whether the trial court erred in entering the underlying judgment rather than presenting reasonable arguments to vacate the judgment under CR 60(b). It appears that Wallace's CR 60(b) motion was brought with the purpose of litigating anew the underlying merits of the trial court's child custody and child support order. This is not the purpose of a CR 60(b) motion. Further, the trial court expressly found that the motion was filed for the purpose of harassing Tomes.

The standard of review for imposition of sanctions is abuse of discretion. *Wixom*, 190 Wn. App. at 725. The trial court is in the best position to assess motions and pleadings filed in the trial court. We hold that the trial court did not abuse its discretion in finding that Wallace's CR 60(b) motion was frivolous.

2.    Amount of Attorney Fees

Wallace argues that the trial court erred in awarding $1,500 in attorney fees without providing an explanation for the amount of the award. We agree.

We review a trial court's award of attorney fees for an abuse of discretion. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014). A trial court abuses its discretion regarding the amount of attorney fees when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Id.*

"Should a court decide that the appropriate sanction under CR 11 is an award of attorney fees, it must limit those fees to the amounts reasonably expended in responding to the sanctionable filings." *Biggs v. Vail*, 124 Wn.2d 193, 201, 876 P.2d 448 (1994). The purpose of the rule is to deter frivolous filings, not to act as a fee shifting provision. *Id.* at 197. Therefore, the trial court must identify the sanctionable conduct and award attorney fees incurred in

responding specifically to that conduct. *Id.* at 202; *see also Manteufel v. Safeco Ins. Co. of Am.*, 117 Wn. App. 168, 177, 68 P.3d 1093 (2003) (examining declaration party offered showing the amount of fees paid to defend against frivolous claims).

In addition, for any attorney fee award the trial court must articulate the grounds for the award, making a record sufficient to permit meaningful review. *See Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998); *Berryman v. Metcalf*, 177 Wn. App. 644, 659, 312 P.3d 745 (2013). This generally means that the trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014); *see also Mahler*, 135 Wn.2d at 435. If the trial court does not make findings of fact and conclusions of law supporting the attorney fee award, the preferred remedy is to remand to the trial court for entry of proper findings and conclusions. *See Berryman*, 177 Wn. App. at 659.

Here, Tomes submitted a declaration stating that she had incurred $1,500 in attorney fees in responding to the CR 60(b) motion. However, Tomes did not provide an itemization of the work her attorney performed or state the attorney's hourly rate. In addition, the trial court did not provide any findings regarding whether the fees were incurred in response to the motion or the reasonableness of the fees. Therefore, we remand for the entry of findings supporting the amount of the trial court's attorney fee award.

C.    ATTORNEY FEES ON APPEAL

Tomes requests that this court award her reasonable attorney fees on appeal. The basis for the request is that the appeal is "frivolous, not grounded in fact, and not supported by the record." Br. of Resp't at 24.

No. 470373-II

We agree that Wallace's appeal is frivolous. Wallace's claimed irregularities under CR 60(b)(1) represent a clear attempt to reargue the merits of the trial court's rulings rather than procedural defects that put the integrity of the proceedings in question. And although Wallace identified possible misrepresentations under CR 60(b)(4) regarding KJW's criminal history and blanks on the child support worksheet, he failed to even attempt to show that either he or the court relied on them or that they possibly could have affected the judgment.

Accordingly, we award reasonable attorney fees to Tomes on appeal as a sanction for a frivolous appeal.

We affirm the trial court's denial of Wallace's motion to vacate and the trial court's award of attorney fees to Tomes, remand for the entry of findings regarding the amount of attorney fees the trial court awarded, and award Tomes her reasonable attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
BJORGEN, A.C.J.

_____
SUTTON, J.

14