# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No.  52280-2-II |
| REBECCA SCHIFFMAN (f.k.a REBECCA RIGHTMYER), | |
| Respondent, | |
| v. | |
| CHRISTOPHER RIGHTMYER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Christopher Rightmyer appeals the superior court's order granting Rebecca Schiffman's (formerly Rightmyer) motion to vacate their dissolution decree.  Rightmyer presents four arguments why the superior court erred.  First, Rightmyer argues that the superior court abused its discretion by finding that Rightmyer waived his retirement benefits.  Second, Rightmyer argues that the superior court improperly used CR 60(b)(6) to grant Schiffman affirmative relief. Third, Rightmyer argues that the superior court erred in equating the *Howell*[1] decision with a change in the law.  Fourth, Rightmyer argues that the superior court erred because Washington law favors amicable agreements.

---

[1] *Howell v. Howell*, 137 S. Ct. 1400, 197 L. Ed. 2d 781 (2017).

We agree that the superior court misapplied the law by equating the *Howell* decision with a change in the law. Accordingly, we reverse.

FACTS

Schiffman and Rightmyer were married for 15 years. In 2016, the superior court entered a divorce decree dissolving the parties' marriage. The decree contained the following provision regarding Rightmyer's military pension,

> The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 171 months of marriage during the member's creditable military service, divided by the member's total number of months of creditable military service. If DFAS [Defense Finance and Accounting Service] cannot pay the wife directly, the husband shall pay this amount directly to the wife each month, along with a copy of the statement from DFAS.

Clerk's Papers (CP) at 13.

Two years later, Schiffman filed a CR 60 motion to vacate the divorce decree.[2] To support her motion, Schiffman stated that, after Rightmyer retired in 2017, she completed the necessary paperwork to receive her portion of Rightmyer's retirement pay. However, DFAS informed Schiffman that her application for a portion of Rightmyer's retirement could not be approved because,

> The entire amount of the member's retired/retainer pay is based on disability, thus there are no funds available for payment under the USFSPA [Uniformed Services Former Spouses' Protection Act].

---

[2] Schiffman also moved to modify spousal maintenance. The motion to modify maintenance was denied. Schiffman does not cross-appeal this order or argue for review under RAP 2.4.

CP at 36. Schiffman argued that because she would not be able to receive any portion of Rightmyer's retirement pay, as provided for in the decree, the decree was no longer just and should be vacated.

Rightmyer responded to Schiffman's motion, explaining that his retirement from the military was a medical retirement resulting from the military's determination that he was permanently disabled. He also stated that it was unforeseen that the military would medically retire him several years before he would have chosen to retire. Rightmyer's certificate of discharge identified the reason for separation as "disability, permanent (enhanced)." CP at 50 (capitalization omitted). The Department of Veteran Affairs determined that Rightmyer was 100 percent disabled and is totally and permanently disabled due to service-connected disabilities.

A superior court commissioner found,

> CR 60(b)(6) applies as the decree is no longer equitable as the specific provision providing for the wife's marital share of the husband's military retirement is no longer enforceable due to a change in the law.

CP at 54. The commissioner determined that no other provisions of CR 60(b) applied. The commissioner's order vacated the property division portions of the dissolution decree and ordered the parties to obtain a new settlement conference.

Rightmyer moved to revise the commissioner's ruling. The superior court made the following findings of fact on the motion to revise:

> A) The initial moving papers set forth different sections of CR 60(b), but the focus was on CR 60(b)(6).
> B) The parties were married for 15 years [and] Mr. Rightmyer was in the military for 26 years.
> C) Ms. Schiffman was supposed to receive her marital share of Mr. Rightmyer's military account.
> D) Mr. Rightmyer converted his retirement to disability pay.

3

E) Subsequent to the decree, the U.S. Supreme Court decided the *Howell* case.

CP at 115. The superior court elaborated on its analysis in its oral ruling:

> Mr. Rightmyer, if the Court were to deny this request to set aside, I think, frankly, would have a windfall that neither party contemplated at the time they entered into their agreement.
>       The Court's responsibility under [RCW] 26.09.080 is to enter orders that are fair and equitable to both of the parties. If the Court did not affirm the Commissioner today, the decree wouldn't be fair and equitable to both of the parties. It would be fair to Mr. Rightmyer, but Ms. Schiffman would not be receiving the benefit of what she bargained for and what the parties both contemplated in the decree.
>       I am mindful of the requirements of *Howell*. I think that the *Howell* decision gives state courts the ability to do what they need to do in cases such as this, and to the limited extent of the property division, the Court is going to allow the parties to move forward. I am not revising the Commissioner. I think she made an appropriate decision.

Verbatim Report of Proceeding at 16. The superior court affirmed the commissioner's order vacating the property division portions of the dissolution decree and ordering the parties to obtain a new settlement conference.

Rightmyer appeals.

ANALYSIS

Rightmyer presents four arguments why the superior court erred. First, Rightmyer argues that the superior court abused its discretion by finding that Rightmyer waived his retirement benefits. Second, Rightmyer argues that the superior court improperly used CR 60(b)(6) to grant Schiffman affirmative relief. Third, Rightmyer argues that the superior court erred in equating the *Howell* decision with a change in the law. Fourth, Rightmyer argues that the superior court erred because Washington law favors amicable agreements.

4

A. STANDARD OF REVIEW

Rightmyer appeals from the superior court's order denying his motion to revise the commissioner's order. "When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *Williams v. Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

We review orders on CR 60(b) motions to vacate for an abuse of discretion. *Persinger v. Persinger*, 188 Wn. App. 606, 608, 355 P.3d 291 (2015). A superior court abuses its discretion "'if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *Id*. at 609 (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). A superior court also abuses its discretion when it bases its decision on an erroneous view of the law. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

CR 60(b)(6) allows relief from judgment when "it is no longer equitable that the judgment should have prospective application." CR 60(b)(6) allows the superior court to address problems when a judgment has a continuing effect and "'a change in circumstances after the judgment is rendered makes it inequitable to enforce the judgment.'" *Pac. Sec. Companies v. Tanglewood, Inc.*, 57 Wn. App. 817, 820, 790 P.2d 643 (1990) (quoting *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 438, 723 P.2d 1093 (1986)).

B. *HOWELL* AS A CHANGE IN LAW

Rightmyer argues that the superior court erred by determining that *Howell* was a change in the law that altered the terms of the dissolution decree. We agree.

Here, the superior court interpreted the military retirement distribution provision in the dissolution decree to mean that Rightmyer was required to pay Schiffman the amount of his

retirement she was awarded regardless of whether that amount was partially disability. The superior court also appears to have interpreted *Howell* as a change in the law that now specifically prohibits this type of indemnification. Therefore, the superior court determined that the military retirement distribution provision could not be enforced, rendering the dissolution decree inequitable. This determination was incorrect both because it is based on an improper interpretation of the military retirement distribution provision in the dissolution decree and because *Howell* did not change the law.

### 1. Legal Principles

The division of assets resulting from military benefits is preempted by federal law. *Howell v. Howell*, 137 S. Ct. 1400, 1403-04, 197 L. Ed. 2d 781 (2017). Under federal law, "disposable retired pay" may be divided by courts between a military member and a former spouse. *Id.* at 1403; 10 U.S.C. §1408(c). However, "disposable retired pay" specifically excludes amounts that are deducted "as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38." 10 U.S.C. §1408(a)(4)(A)(ii). Therefore, amounts that are deducted to receive disability compensation under Title 5 or Title 38 are not distributable to former spouses. *Howell*, 127 S. Ct. at 1404. "Disposable retired pay" also excludes amounts paid under chapter 61, which governs retirement or separation due to disability. 10 U.S.C. §1408(a)(4)(A)(iii).

In *Howell*, the wife received 50 percent of the husband's retirement payment. 137 S. Ct. at 1404. When the husband's retirement began, the husband's retirement payment was approximately $1,500. *Id.* 13 years later, the husband waived a portion of the retirement in order to receive disability benefits. *Id.* As a result, the wife's payments were reduced by approximately $125. *Id.* The Arizona court ordered the husband to "ensure that [the wife] 'receive her full 50%

6

of the military retirement without regard for the disability.'" *Id.* (quoting App. Pet. for Cert. 28a.). The United States Supreme Court reversed the state court based on its prior decision in *Mansell v. Mansell*, 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989). *Id.*

The US Supreme Court explained that, when a property distribution provision distributes retirement pay prior to the military member's retirement, that provision is based on the future contingency that some or all of that award can be reduced by disability benefits. *Id.* at 1405 ("The existence of that contingency [that retirement will be reduced by disability] meant that the value of [the wife's] share of military retirement pay was possibly worth less—perhaps less than [the wife] and others thought—at the time of the divorce."). Therefore, any order requiring payment of an amount that is reduced is an order requiring payment of the portion of benefits that was expressly prohibited by Congress. *Howell*, 137 S. Ct. at 1405. The Supreme Court stated,

> We recognize, as we recognized in *Mansell*, the hardship that congressional pre-emption can sometimes work on divorcing spouses. But we note that a family court, when it first determines the value of a family's assets, remains free to take account of the contingency that some military retirement pay might be waived, or, as the petitioner himself recognizes, take account of reductions in value when it calculates or recalculates the need for spousal support.

*Id.* at 1406 (citation omitted). However, because the state court decision rested "entirely upon the need to restore [the wife's] lost portion," the Supreme Court held it must be reversed. *Id.*

We review an interpretation of a dissolution decree de novo. *In re Marriage of Thompson*, 97 Wn. App. 873, 877, 988 P.2d 499 (1999). If a provision in a dissolution decree is unambiguous, there is nothing for the court to interpret. *In re Marriage of Bocanegra*, 58 Wn. App. 271, 275, 792 P.2d 1263 (1990). A writing is ambiguous if is it subject to two different, reasonable interpretations. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 733, 837 P.2d 1000

(1992). If the provision is ambiguous, we apply rules of interpretation and construction applicable to statutes, contracts, and other writings to ascertain intent. *Thompson*, 97 Wn. App. at 878.

2.      Military Retirement Distribution Provision

The provision distributing Rightmyer's military retirement stated,

> The former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 171 months of marriage during the member's creditable military service, divided by the member's total number of months of creditable military service. If DFAS cannot pay the wife directly, the husband shall pay this amount directly to the wife each month, along with a copy of the statement from DFAS.

CP at 13. This provision specifically divides only disposable military retired pay, which, even at the time of the dissolution, specifically excluded amounts based on disability pay. The provision further states that if DFAS cannot pay Schiffman directly, the husband shall pay "this amount." But "this amount" references the amount of the disposable military retired pay, not the total amount of benefits Rightmyer receives. And nothing in the language references DFAS not paying because of reductions due to disability payments. Instead, the language references the inability to make direct payments, which could be for any number of reasons including administrative delays or Schiffman's failure to complete the appropriate paperwork. Therefore, the language in the decree is not ambiguous and does not require further interpretation.

Based on the language of the military retirement distribution provision, Schiffman was entitled to, and the superior court divided, nothing more than Rightmyer's disposable retired pay, which by federal law did not include any amounts waived or based on disability. And the provision requiring Rightmyer to pay Schiffman directly is only in the event DFAS cannot pay the amount of disposable retired pay to Schiffman directly. Because the military retirement distribution

provision in the decree did not require Rightmyer to indemnify Schiffman for any disability related reductions in retirement pay, *Howell* did nothing to change the provision or the terms of the decree. Accordingly, the superior court misapplied the law and abused its discretion by concluding that *Howell* was a change in the law that altered the terms of the property distribution provision. We reverse the order granting the CR 60(b)(6) motion to vacate.[3]

## APPELLATE ATTORNEY FEES

Schiffman requests attorney fees on appeal under RAP 18.1, RCW 26.09.140, and RAP 18.9. We deny Schiffman's request for attorney fees on appeal.

RAP 18.1(1)(a) provides that we may grant attorney fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court." RCW 26.09.140 allows for the appellate court to award attorney fees on appeal.

RCW 26.09.140 provides,

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.
> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

An award of attorney fees under RCW 26.09.140 is based on consideration of "'the parties' relative ability to pay'" and "'the arguable merit of the issues raised on appeal.'" *In re Marriage of*

---

[3] Because we reverse based on the superior court's abuse of discretion by misapplying the law, we do not reach Rightmyer's other arguments raised on appeal.

*Muhammed*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005) (quoting *In re Marriage of Leslie*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998)).

Here, Rightmyer's monthly income[4] is greater than Schiffman's. However, Rightmyer also has significantly more debt and expenses than does Schiffman. Although Rightmyer's income is higher than Schiffman's, because of the disparity in expenses, the parties' ability to pay is approximately the same. Also, Rightmyer, not Schiffman, prevails on appeal; therefore, Rightmyer has raised an issue on appeal that has arguable merit. *Id*. Accordingly, we deny Schiffman's request for attorney fees under RAP 18.1 and RCW 26.09.140.

Schiffman also requests attorney fees under RAP 18.9 for responding to a frivolous appeal. RAP 18.9 allows this court to order payment of attorney fees as a sanction for filing a frivolous appeal. "'An appeal . . . is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of success.'" *Robinson v. American Legion Dep't of WA, Inc.*, 11 Wn. App. 2d 274, 298, 452 P.3d 1254 (2019) (alteration in original) (internal quotation marks omitted) (quoting *In re Recall of Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003). Because we reverse the superior court, the appeal obviously was not frivolous. Accordingly, we deny the request for attorney fees under RAP 18.9.

---

[4] Rightmyer did not request attorney fees on appeal; therefore, his financial declaration in answer to Schiffman's affidavit of financial need was timely filed under RAP 18.1(c).

No.  52280-2-II

We reverse.

A majority of the panel having determined that this opinion will not be printed in the
Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,
it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Melnick, J.