# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LISA S. CARTER,<br><br>                Respondent,<br><br>        v.<br><br>TAMARA L. FLEISCHER and JAY P. FLEISCHER,<br><br>                Appellants. | DIVISION ONE<br><br>No. 83512-2-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — The homestead of judgment debtors Jay and Tamara Fleischer was sold to judgment creditor Margaret Curtis[1] in a sheriff's sale. The Fleischers did not object to the sale during the 20-day statutory objection period. Upon Curtis's motion, the superior court thereafter entered an order confirming the sale. Nearly six months later, the Fleischers filed in the superior court a CR 60(b) motion to vacate the order. The superior court denied the Fleischers' motion, and the Fleischers appealed.

On appeal, the Fleischers contend that they are entitled to the homestead exemption amount set forth in the current version of the relevant statute, rather than the amount set forth in the statute in effect when the sheriff's sale occurred. They assert that the order confirming the sheriff's sale is void because they have a constitutional right to the current homestead exemption amount. We disagree. Although the right to a homestead exemption is constitutional, the specific

---

[1] The original judgment creditor, Lisa Carter, assigned the judgment to Curtis prior to the sale of the homestead.

homestead exemption amount to which a judgment debtor is entitled is a matter assigned to the legislature. The Fleischers have no constitutional right to receive any specific homestead exemption amount.

Moreover, in contending that the superior court erred in confirming the sheriff's sale because the legislature amended the homestead exemption amount subsequent to the sale, the Fleischers are asserting an error of law in the underlying order confirming the sale. Such an error may not be corrected pursuant to a CR 60(b) motion to vacate. Rather, errors of law must be raised on appeal. Accordingly, we affirm the superior court's order denying the Fleischers' motion to vacate.

I

On December 30, 2020, the superior court entered an order directing a sheriff's sale of the Fleischers' homestead in execution of a judgment. Based on the report of a court-appointed appraiser, the superior court determined that the value of the homestead exceeded the statutory homestead exemption amount, which was then $125,000. See former RCW 6.13.030 (2007). As directed by RCW 6.13.160, the superior court ordered that the "sheriff shall proceed with the sale" and that, at the sale, "no bid may be received unless it exceeds the amount of the $125,000 homestead exemption."

On April 2, 2021, the sheriff sold the Fleischers' homestead to Curtis for a sum greater than the homestead exemption amount. The sheriff deposited $125,000, the amount of the homestead exemption then in effect, into the court registry to be paid to the Fleischers. See RCW 6.13.170. On April 5, 2021, the

superior court clerk filed a notice regarding the sale of the Fleischers' homestead, which the clerk also mailed to the Fleischers. The notice informed the Fleischers that the sale would be subject to confirmation by the court unless they filed an objection within 20 days. See RCW 6.21.110(2) (providing that the judgment creditor at a sheriff's sale is entitled to an order confirming the sale "at any time after twenty days have elapsed" from the mailing of the notice unless the judgment debtor files an objection to confirmation within that period). The Fleischers did not object to the sale.

On May 12, 2021, following the expiration of the 20-day objection period, a bill passed by the legislature amending the statute setting forth the amount of a homestead exemption became effective. RCW 6.13.030; ENGROSSED SUBSTITUTE S.B. 5408, at 2, 67th Leg., Reg. Sess. (Wash. 2021).[2] The following day, Curtis filed a motion in the superior court to confirm the sheriff's sale. On May 24, 2021, finding "no substantial irregularities in the sale," the court entered an order confirming the sale.

Nearly six months later, on November 22, 2021, the Fleischers filed a motion pursuant to CR 60(b) seeking to vacate the order confirming the sheriff's sale. In their motion, the Fleischers contended that the legislature's amendment of the homestead exemption amount either rendered the order "void" or caused the order's entry to be "a mistake of law" or an "irregularity." On December 3,

---

[2] The statute now provides that "[t]he homestead exemption amount is the greater of" $125,000 or, as relevant here, "[t]he county median sale price of a single-family home in the preceding calendar year." RCW 6.13.030(1)(b).

2021, the superior court denied the Fleischers' motion to vacate the order confirming the sheriff's sale.

The Fleischers appeal.

II

On appeal, the Fleischers assert that the superior court erred by denying their motion to vacate the order confirming the sheriff's sale. According to the Fleischers, the certificate of sale was rendered void by the legislature's subsequent amendment of the homestead exemption amount because the right to a homestead exemption is constitutional. However, the Fleischers disregard that they are not being denied a homestead exemption. Rather, they simply dispute the proper calculation of the homestead exception amount, which is a statutory—not a constitutional—question. Moreover, a CR 60(b) motion to vacate is not a means of correcting errors of law. Rather, to assert such errors, the Fleischers were required to appeal from the underlying order confirming the sheriff's sale. Because the Fleischers have demonstrated no error in the superior court's order denying their motion to vacate, we affirm.

Washington's constitution directs the legislature to "protect by law from forced sale a certain portion of the homestead and other property of all heads of families." WASH. CONST. art. XIX, § 1. Pursuant to this mandate, our legislature in 1895 enacted the homestead act, which "'implements the policy that each citizen have a home where [the] family may be sheltered and live beyond the reach of financial misfortune.'" City of Seattle v. Long, 198 Wn.2d 136, 146, 493 P.3d 94 (2021) (alteration in original) (internal quotation marks omitted) (quoting

4

In re Dependency of Schermer, 161 Wn.2d 927, 953, 169 P.3d 452 (2007)). The homestead act, chapter 6.13 RCW, sets forth the procedures governing the sale of a homestead to satisfy a judgment. It further provides the homestead exemption amount to which judgment debtors are entitled upon such sale. RCW 6.13.030. Thus, although the existence of a homestead exemption arises from our state's constitution, the proper homestead exemption amount is a matter assigned to the legislature.

Civil Rule 60(b) provides, in specified circumstances, for relief from a judgment or order. However, the rule "does not authorize vacation of judgments except for reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings." Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). "Errors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal." In re Marriage of Tang, 57 Wn. App. 648, 654, 789 P.2d 118 (1990).[3] Although review of a denial of a CR 60(b) motion "is generally limited to the propriety of the denial," "if questions are raised concerning lack of trial court jurisdiction and fundamental constitutional rights, these issues may be determined on appeal as justice may require." In re Marriage of Maxfield, 47 Wn. App. 699, 703, 737 P.2d 671 (1987) (citing State v. Santos, 104 Wn.2d 142, 702 P.2d 1179 (1985)).

Generally, we review a trial court's denial of a CR 60(b) motion to vacate for a manifest abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12

---

[3] "'An error of law is committed when the court . . . makes some erroneous order or ruling on some question of law which is properly before it and within its jurisdiction to make.'" Port of Port Angeles v. CMC Real Est. Corp., 114 Wn.2d 670, 674, 790 P.2d 145 (1990) (quoting In re Ellern, 23 Wn.2d 219, 222, 160 P.2d 639 (1945)).

P.3d 119 (2000). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." Gillett v. Conner, 132 Wn. App. 818, 822, 133 P.3d 960 (2006). CR 60(b)(5), however, provides for the vacation of a void judgment. "Because courts have a mandatory, nondiscretionary duty to vacate void judgments," we review de novo a trial court's decision to grant or deny a CR 60(b)(5) motion. Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).

Here, the Fleischers did not appeal from the superior court's order confirming the sheriff's sale. Instead, nearly six months after the order was entered, they filed a CR 60(b) motion to vacate the order. They assert on appeal that vacation of the order confirming the sheriff's sale is required because, according to the Fleischers, the underlying order was rendered void when the legislature amended the statutory homestead exemption amount subsequent to the sheriff's sale but prior to entry of the order confirming that sale. This is so, the Fleischers contend, because their right to a homestead exemption is conferred by our state's constitution. Although this assertion is correct, the implication assigned to it by the Fleischers is not.

Although the Fleischers are correct that the Washington constitution mandates a homestead exemption, they are incorrect that the *amount* of that exemption implicates a constitutional interest. Rather, the amount of the homestead exemption to which a judgment debtor is entitled is set forth solely by statute. RCW 6.13.030. The Fleischers do not contend that they were improperly denied a homestead exemption. Instead, they assert that the superior

6

court inaccurately determined the amount of the exemption to which they are entitled. As presented here, there is no constitutional question at issue. Thus, the Fleischers are incorrect that the order confirming the sheriff's sale is void, and the superior court did not err by denying their motion to vacate on this basis.

Because the Fleischers have not demonstrated that the order confirming the sheriff's sale is constitutionally void, their appeal is confined to a challenge to the propriety of the superior court's denial of the motion to vacate. Maxfield, 47 Wn. App. at 703. In challenging the superior court's determination of the proper homestead exemption amount, the Fleischers assert an error of law. "Errors of law are not correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors." Burlingame, 106 Wn.2d at 336; see also In re the Marriage of Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015) ("Our review of a CR 60(b) decision is limited to the trial court's decision, not the underlying order the party seeks to vacate."). The Fleischers neither objected to the sheriff's sale during the statutory 20-day objection period nor appealed from the superior court's order confirming the sheriff's sale. We will not review on appeal the underlying order sought to be vacated on a CR 60(b) motion.[4]

---

[4] In the superior court, the Fleischers sought to vacate the order confirming the sheriff's sale on the basis of both CR 60(b)(5) and CR 60(b)(1). On appeal, they do not assert that the superior court erred in denying their motion on the basis of CR 60(b)(1), which provides for relief from judgment due to "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." However, we note that, in asserting that vacation of the order was required by that rule, the Fleischers did not assert any "mistake" or "irregularity" pursuant to which an order may be vacated. Rather, they simply sought to challenge the underlying order confirming the sheriff's sale. Again, the Fleischers cannot assert errors of law in the underlying order when appealing from an order on a motion to vacate.

Because the Fleischers have not demonstrated that the order confirming the sheriff's sale is void, the superior court did not err in denying their motion to vacate the order pursuant to CR 60(b)(5). Moreover, in contending that the homestead exemption amount determined by the superior court is incorrect, the Fleischers assert an error of law in the underlying order. Such errors, even if made, may not be remedied pursuant to a CR 60(b) motion to vacate.

Accordingly, we affirm the superior court's order denying the Fleischers' motion to vacate. We remand to the superior court for further proceedings, including, when appropriate, the disbursement of the proper homestead exemption amount.[5],[6]

*Dwyer, J.*

WE CONCUR:

*Birk, J.*　　*Chung, J.*

---

[5] The Fleischers assert on appeal that they should "immediately" receive the $125,000 homestead exemption. We do not view it as unusual that the homestead exemption remains in the court registry under the circumstances presented.

[6] Prior to oral argument, respondent filed a motion to dismiss this appeal as frivolous. A commissioner of this court referred the motion to the panel considering the merits of the appeal. Because we conclude that the appeal was not frivolous, we deny that motion.