[No. 23523-1-I.   Division One.   April 23, 1990.]

*In the Matter of the Marriage of* LINDA TANG, *Respondent, and* GORDON C.Y. TANG, ET AL, *Appellants.*

*Michel P. Stern, John Petrie, Robert W. Bryan,* and *Sylvester Ruud Petrie & Cruzen,* for appellant Gordon C.Y. Tang.

*Jerry Kimball,* for appellants Jason and Calvin Tang.

*O.J. Humphrey III* and *Lasher & Johnson,* for appellants Debra and Teresa Tang.

*John I. Weston, Jr.,* and *Rutherford & Weston; Douglass A. North* and *Maltman, Weber, Reed, North & Ahrens;* and *John M. Woodley* and *Woodley & Associates,* for respondent Linda Tang.

BAKER, J.—Gordon C.Y. Tang appeals from the trial court's order under CR 60(b), which vacated a dissolution decree and set aside the property settlement agreement incorporated in the decree. He asserts the trial court erred in determining as a matter of law that the decree was defective because (1) it failed to list, characterize and evaluate the items of property owned by the parties, and (2) it left the parties as tenants in common of most of their property, thus failing to effectively dispose of the property.[1] Mr. Tang also argues that the trial court did not have sufficient grounds under CR 60(b) to vacate the decree. We reverse and direct the trial court to reinstate the decree.

---

[1]For purposes of our opinion, we adopt the parties' characterization of their undertaking pursuant to the decree and their agreement as a tenancy in common.

Intervenors Jason Tang and Calvin Tang, minor children of the parties also appeal, alleging the trial court erred in ruling that the agreement did not confer third party beneficiary status on them and did not create a trust for their benefit. Since the decree will be reinstated, it is not necessary to our decision to reach these issues.

## I
### PROCEDURAL HISTORY

Gordon and Linda Tang married in 1965 in Taiwan. In September 1987, Mrs. Tang filed for dissolution of their marriage. Together with her petition she filed an affidavit in support of an order to show cause, to which was attached, *inter alia,* a listing of the parties' real estate holdings, a schedule of their motor vehicles, and summaries of assets in certain banks. At that time both parties were represented by independent counsel. However, in early 1988, they discharged their attorneys and jointly hired another attorney, who prepared a property settlement agreement for them. The agreement was ultimately incorporated in a decree of dissolution filed April 11, 1988. No appeal was taken from that decree.

In July 1988, Linda Tang filed a motion pursuant to CR 60(b) seeking vacation of the decree. The parties' children were allowed to intervene to protect what they asserted were various property rights in the agreement.

Other motions were made and disposed of by the trial court as the proceedings ensued. The motion to vacate the decree was not ruled on, however, until Linda Tang filed a second motion on October 28, 1988, designated a Motion for Summary Judgment Vacating Decree of Dissolution.

The trial court granted the motion to vacate. In doing so, the court considered the October motion, the memoranda in support of and in response to the motion, the property settlement agreement, the decree, and the findings of fact and conclusions of law upon which the decree was based.

The trial court found:

The following irregularities occurred in obtaining the Dissolution Decree:

1. The Decree, and the settlement agreement upon which it is based, fail to list the parties' property.

    a. Because the property is not listed in any of the documents, the Court does not have assurance that the parties had in fact disclosed all of their property to each other.

    b. Because the property is not listed in the documents the Court does not have assurance that the parties had enough knowledge of their property to meaningfully make the recital that "both parties deem this agreement eminently fair and equitably [sic] and that the provisions hereof related to their property and liabilities constitute a just and equitable division thereof."

2. The Decree, and the Property Settlement Agreement upon which it is based, fail to dispose of the parties' property, but instead leave them as tenants in common.

    a. Because the property is not disposed of and the parties remain tenants in common with husband as manager of the properties, wife has no effective control of the properties which she was awarded.

    b. The failure of the Decree to dispose of the property is compounded by its failure to characterize the property as community or separate or to place values on the items of property.

3. The testamentary and pre–nuptial provisions of the agreement could not be entered into knowingly by the parties since there is no assurance that the parties had any knowledge of what property they applied to or what the character of that property was.

That with regard to any implied benefit to the children, the children are specifically denied third–party beneficiary status, and the critical information and language is not sufficient for the purposes of creating a trust;

That the agreement is an integrated document without a savings clause and the Dissolution Decree and the entire Property Settlement Agreement should be vacated and set aside as a matter of law; . . ..

Although the only stated basis under CR 60(b) for the trial court's order was "irregularities", the parties argued in memoranda pertaining to a motion for reconsideration that the order could be grounded on CR 60(b)(1) (irregularities

in obtaining a judgment or order) as well as (5) (void judgment)[2] and (11) (any other reason justifying relief from the operation of the judgment). The motion for reconsideration was denied.

## II
### The Property Settlement Agreement

In their property settlement agreement, both parties warranted that neither was "possessed of any property . . . which has not been disclosed to the other". Further, it provided that if a court later determined that either party had failed to disclose any property to the other, that party would pay to the other, "upon demand, an amount equal to one–half of the fair market value of said property."

After disposing of certain personal property and equally dividing a substantial amount of cash between the parties, the agreement provided:

> . . . It is the parties' intent that, . . . [their accumulated substantial holdings] be preserved for the benefit of their children, Debra Linda Tang, Teresa Maria Tang, Jason Gordon Tang and Calvin Thomas Tang and their children.
>
> The parties recognize that the preservation of these holdings is dependent upon the orderly continued management of such holdings. The preservation of such holdings, and the parties' joint goal of having the present corpus of such holdings ultimately benefit their children named above, would be adversely affected by their distribution. Therefore, the parties agree that it is in their best interest to continue to have joint ownership of their properties and other assets despite the dissolution of their marriage. . . .
>
> The assets which the parties agree to hold as tenants in common . . . consists of all property of any kind or nature not otherwise distributed through this agreement. There has been full disclosure of all such property by each party. A major percentage of such property consists of real property accumulated during the course of the marriage.

The agreement further provided that Gordon Tang would have the right to manage the property held by the parties as tenants in common, subject to a fiduciary duty to Linda Tang and subject to a duty to obtain her consent

---

[2]No argument relating to CR 60(b)(5) is made on appeal.

with respect to certain specifically enumerated management decisions.

The agreement also provided that in order "[t]o fulfill the parties' stated goal of establishing financial independence from each other," if any of the properties held by the parties as tenants in common were sold, the net proceeds would be divided equally between them, unless it were mutually agreed that it was necessary to deposit the proceeds into a business operating account for management purposes. In addition to any net proceeds received from sales of the properties, each party was to receive a monthly sum as separate property for living expenses.

## III
### THE CR 60(b) RULING

Gordon Tang contends the trial court lacked authority to vacate the decree under CR 60(b). He argues that the motion was not supported by an affidavit as required by CR 60(e)(1); that the alleged irregularities constitute errors of law correctable by appeal but not by a motion pursuant to CR 60(b); and that no subsection of CR 60(b) applies in this circumstance.

The decision to vacate a judgment under CR 60(b) will not be overturned on appeal unless it plainly appears that the trial court has abused its discretion. *In re Adamec*, 100 Wn.2d 166, 173, 667 P.2d 1085 (1983). Discretion is abused where it is exercised on untenable grounds for untenable reasons. *In re Schuoler*, 106 Wn.2d 500, 512, 723 P.2d 1103 (1986).

Initially, we recognize that it will not always be necessary to submit a supporting affidavit pursuant to CR 60(e)(1) if the grounds for the motion are clearly evidenced from an examination of the files. *See Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 583–84, 599 P.2d 1289 (1979) (excusing failure of a defaulted defendant to provide an affidavit where file contained extensive memorandum of facts and law prepared in support of earlier summary judgment

motion). In any case, no purpose would have been served by submitting an affidavit in support of the motion, since it rested on legal rather than factual grounds. Specifically, the motion raised two wholly legal issues: (1) the effect of the failure to list, value and characterize the property, and (2) whether conversion of the form of ownership to tenancy in common was a proper disposition of the property pursuant to RCW 26.09.070.

The absence of factual support for Linda Tang's motion sheds light on the basic flaw in the trial court's ruling. Errors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal. *Burlingame v. Consolidated Mines & Smelting Co.,* 106 Wn.2d 328, 336, 722 P.2d 67 (1986). Since vacation of the decree was based upon no grounds other than the alleged errors of law set forth above, the trial court abused its discretion by granting the motion.

Linda Tang argues, however, that a trial court must have before it a list identifying and stating the value of the relevant properties in order to determine whether a separation contract was "unfair at the time of its execution" under RCW 26.09.070(3). Since the court that ordered the dissolution did not have such a list before it, she asserts that an "irregularity" under CR 60(b)(1) occurred. Irregularities which can be considered under CR 60(b)(1), however, are those relating to want of adherence to some prescribed rule or mode of proceeding. *Adamec,* 100 Wn.2d at 174. Cases relying on this ground typically involve procedural defects unrelated to the merits. *See* 4 L. Orland, Wash. Prac., *Rules Practice* § 5713, at 543 (3d ed. 1983). The errors alleged here do not fall into this category.

Furthermore, the case Linda Tang relies on, *Mosbrucker v. Greenfield Implement, Inc.,* 54 Wn. App. 647, 774 P.2d 1267 (1989), is distinguishable. There, a default judgment was taken against a defendant who alleged that the plaintiff's failure to attach a challenged lease to the complaint was an "irregularity" under CR 60(b)(1). The court held that if the trial court had seen the lease, which had been

altered in such a manner as to raise a question concerning the defendant's liability, the default order might never have been entered. Thus, the omission put "the integrity of the proceedings" into question. *Mosbrucker,* 54 Wn. App. at 652. Here, on the other hand, there is nothing to suggest that a list of the parties' assets would have impacted the decision of the judge who ordered the dissolution. Indeed, this decree was entered on an agreed basis.

CR 60(b)(4) (fraud, misrepresentation, or other misconduct) is also raised as a possible basis for upholding the vacation of the decree. The briefs include lengthy discussions relating to Linda Tang's allegations of fraud and misconduct in Gordon Tang's management of the business and in the circumstances surrounding the signing of the agreement. However, fraud was not argued to the trial court as a possible ground for vacating the decree.[3] Arguments or theories not presented to the trial court will not be considered on appeal. *Ryder v. Port of Seattle,* 50 Wn. App. 144, 150, 748 P.2d 243 (1987). Thus, we decline to consider the CR 60(b)(4) allegations.[4]

Finally, Linda Tang asserts that the trial court's order can be upheld under CR 60(b)(11), which permits the vacation of a judgment due to "[a]ny other reason justifying relief from the operation of the judgment." The use of CR 60(b)(11) is to be "confined to situations involving extraordinary circumstances not covered by any other section of the rule.'" *In re Marriage of Yearout,* 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (quoting *State v. Keller,* 32 Wn. App. 135, 140, 647 P.2d 35 (1982)). "Such circumstances must relate to irregularities extraneous to the

---

[3]In her memorandum in opposition to the motion for reconsideration, Linda Tang cited CR 60(b)(4) as a possible ground for the order, but presented no argument on that basis.

[4]At oral argument, Linda Tang conceded that the CR 60(b)(4) issue was not before this court. In any event, it appears that these allegations have been effectively resolved by the trial court's rulings in response to other postdecree motions of the parties.

action of the court". *Yearout,* at 902. The rule has previously been invoked in unusual situations which typically involve reliance on mistaken information. *See, e.g., In re Adoption of Henderson,* 97 Wn.2d 356, 359–60, 644 P.2d 1178 (1982); 4 L. Orland § 5713, at 546. The circumstances of this case do not justify relief under CR 60(b)(11).

In sum, the trial court had no tenable grounds on which to grant the relief requested by Linda Tang under CR 60(b). Therefore, it abused its discretion by granting the motion. The issues presented to it were exclusively matters of law, which were properly appealable and not suitable for a CR 60(b) motion. We therefore reverse the order vacating the decree.[5]

GROSSE, A.C.J., and FORREST, J., concur.

Reconsideration denied May 23, 1990.

---

[5]Because of this holding, we do not reach the substantive issues pertaining to alleged defects in the decree.

Furthermore, the issues relating to the rights of the children thereunder are not yet ripe for determination, since no dispute has arisen regarding those rights to date. Nonetheless, it is inherent in our setting aside of the trial court's vacation of the decree that we likewise reverse its rulings relating to the children. Specifically, we note that performance under the terms of the contract would necessarily and directly benefit the children. The contract, when read as a whole, therefore, demonstrates the intent of the parties that the children hold third party beneficiary status. *See Postlewait Constr., Inc. v. Great Am. Ins. Cos.,* 106 Wn.2d 96, 99, 720 P.2d 805 (1986).

Since the minor children have no independent resources from which to pay their fees on appeal, and since both parties acknowledged in oral argument that such an award to the children would be appropriate, we order payment of their fees in an amount of $506 under RCW 26.09.140.