IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MUFFIN ANDERSON, | ) | |
| | ) | No. 75174-3-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SUSAN LARSEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: October 2, 2017 |
| | ) | |

BECKER, J. — The trial court did not abuse its discretion in denying appellant's requests for a stay or relief under CR 60(b) because she has not shown how her alleged illness impacted or impeded her ability to prosecute her case. We affirm.

Appellant Muffin Anderson is a Seattle homeowner. She sued her next door neighbor, respondent Susan Larsen, in summer 2015. She alleged claims for trespass, encroachment on her property, malicious erection of a spite fence, and emotional distress. Anderson filed her complaint pro se and has represented herself through the entire proceedings, including this appeal.

Anderson states that she suffered a stroke on September 1, 2015. She made at least nine filings between September 2015 and March 2016 for the purpose of seeking a continuance due to this stroke. She filed several motions to

stay or to stop proceedings and letters from her doctors. Meanwhile, Larsen moved for summary judgment.

The court held a hearing on March 18, 2016. The trial court granted Larsen's motion for summary judgment and denied Anderson's request for a stay. The court explained that it was denying Anderson's request for a stay because the evidence she submitted was insufficient and because she had not been prejudiced in her ability to pursue the case:

> But at one point, Ms. Anderson had asked for a . . . stay of the proceedings. And she had asserted that she had some health concerns going on, and she attached a letter that was purported to be from her doctor's office.
> . . . The letter . . . in relevant part, said, my client feels that she can't maintain this lawsuit and . . . therefore, she's asking that it be stayed. I just thought that information . . . was not sufficient, and that's why I denied the motion to stay.
> . . . .
> . . . I would also note for the record that Ms. Anderson has asserted that she's had some health issues and that, because of that, she's requested a stay.
> The . . . record also is going to support the fact that, despite Ms. Anderson saying that she has health concerns, that actually has not stopped her from filing motions. It hasn't stopped her from filing a response that includes . . . a number of different documents to the defense motion for summary judgment.
> So as to whether an actual stay is warranted in this case, . . . it doesn't seem like it's warranted because Ms. Anderson does not appear to have been at all prejudiced in her ability to pursue this action.

Anderson thereafter filed several motions for relief: for a new trial, to strike the summary judgment order and stay proceedings under CR 60(b)(1) and (9), to seal medical documents, and to vacate the order of dismissal and stay proceedings. The court denied these motions on April 6, 2016.

2

On April 12, 2016, Anderson filed a motion "to reschedule trial," alleging that she was a "person of unsound mind" under CR 60(b)(2). The court denied this motion the same day it was filed.

On April 19, 2016, Anderson filed seven separate notices of appeal from the two orders of March 18, three orders of April 6, the order from April 12, and an earlier February order denying her motion to vacate and stay.

It appears that not all of Anderson's notices of appeal were timely. A notice of appeal must be filed in the trial court within 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed. RAP 5.2(a). An appeal from the motion to vacate does not bring the final judgment up for review or extend the time for a notice of appeal. RAP 2.4(c); RAP 5.2(e). Anderson filed all of her notices of appeal on April 19. Therefore, it appears that only the notices of appeal from the orders on April 6 and 12 were timely. Even if we assume all of Anderson's notices of appeal were timely, however, we would still deny her appeal for the reasons explained below.

As a threshold matter, Larsen argues that we should reject Anderson's appeal because her brief does not provide assignments of error or cite to the record or legal authority. See RAP 10.3(a). Anderson does not provide assignments of error, but she does refer to some evidence in the record and to legal authority, including cases, statutes, and a court rule. Although Anderson's brief is inept, we have accepted it.

We review the trial court's decision under CR 60(b)(1), (2), and (9) for abuse of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118

3

(1990). We will not overturn the decision unless the trial court exercised its discretion on untenable grounds or for untenable reasons. Tang, 57 Wn. App. at 652. An appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the underlying order. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). We also review a trial court's denial of a motion to continue a summary judgment proceeding for an abuse of discretion. Barkley v. GreenPoint Mortg. Funding, Inc., 190 Wn. App. 58, 71, 358 P.3d 1204 (2015), review denied, 184 Wn.2d 1036 (2016).

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (1) mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; (2) for erroneous proceedings against a . . . person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings; . . . [or] (9) unavoidable casualty or misfortune preventing the party from prosecuting or defending." CR 60(b)(1), (2) and (9).

On appeal, Anderson attacks the court's denial of a stay. She claims she was denied the opportunity to have her case heard or was denied a full and fair hearing on the merits of her claim because she had a stroke and could not participate in the proceedings.

In its oral ruling, the trial court explained that it was denying Anderson's request for a stay because the evidence she submitted was insufficient and

4

because she had not been prejudiced in her ability to pursue the case. These reasons are not untenable. They are supported by the record, which shows that Anderson participated in the proceedings during the time period she alleges she was incapacitated. As mentioned, she made at least nine filings during this time.

Anderson has not explained how her alleged illness impacted or impeded her ability to prosecute her case. She has not shown that she was prevented from prosecuting or that her mind was unsound. CR 60(b)(2) and (9). Nor has she shown that there was a mistake, excusable neglect, or an irregularity in obtaining the orders granting summary judgment and denying a continuance. CR 60(b)(1). The trial court did not abuse its discretion in denying Anderson's request for relief under CR 60(b) or her request for a stay.

Anderson also contends that the trial court refused her medical reports or refused to seal the medical reports. The court did accept and consider the letters from Anderson's doctors written to the court. The record reflects that Anderson also sent what she described as confidential medical documents directly to the court, but the court returned the documents to her unread because Anderson did not want the opposing party to see the documents. Anderson has not explained how this return of medical documents was improper, given her refusal to show them to the opposing party.

Larsen requests an award of attorney fees because, she argues, Anderson's appeal is so devoid of merit that it is frivolous. We agree. An appeal is frivolous "if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal

5

exists." <u>Chapman v. Perera</u>, 41 Wn. App. 444, 455-56, 704 P.2d 1224, <u>review</u> <u>denied</u>, 104 Wn.2d 1020 (1985); <u>see</u> <u>also</u> RCW 4.84.185. By this standard, Anderson's appeal is frivolous. Larsen's request for attorney fees is granted, subject to compliance with RAP 18.1(d).

Affirmed.

WE CONCUR: