IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 OCT -2 AM 8: 54

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| MUFFIN F. ANDERSON, | ) | |
| | ) | No. 75175-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CALE H. and SARAH WILL, husband | ) | |
| and wife, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | FILED: October 2, 2017 |
| | ) | |

BECKER, J. — The trial court did not abuse its discretion in denying the appellant's motion for relief under CR 60(b) because appellant has not shown how her alleged illness impacted or impeded her ability to prosecute her case. We affirm.

Appellant Muffin Anderson sued her neighbors, respondents Cale and Sarah Will, in June 2015. She alleged claims for trespassing, encroachment, and nuisance on property. Anderson filed her complaint pro se and has represented herself through the entire proceedings, including this appeal.

The Wills moved for summary judgment. The court granted the motion for summary judgment and dismissed Anderson's claims with prejudice on October 16, 2015.

Anderson filed two motions for relief under 60(b)(1), (2), and (9) on March 14, 2016. She sought to strike the order granting summary judgment, vacate the order of dismissal, and stay proceedings until May 2016.

The court denied these motions on March 31, 2016.

Anderson filed a notice of appeal on April 19, 2016. She attached the March 31 order denying her motions for relief under CR 60(b). She also attached court orders denying her earlier motions seeking the same relief. This court dismissed her appeal as untimely except for her appeal from the March 31 order, so only that order is currently before the court.

As a threshold matter, the Wills ask that we strike Anderson's brief because it is not structured according to RAP 10.3. We realize it is difficult to draft a response to a brief that does not contain an assignment of error as required by RAP 10.3(a)(4). The commissioner's rulings in this case, however, make clear that the only issue on appeal is the March 31 order denying Anderson's motions for relief under CR 60(b). Accordingly, we do not grant the motion to strike Anderson's brief.

We review the trial court's decision under CR 60(b)(1), (2), and (9) for abuse of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). We will not overturn the decision unless the trial court exercised its discretion on untenable grounds or for untenable reasons. Tang, 57 Wn. App. at 652. An appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the

underlying order. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

CR 60(b) provides that "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (1) mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; (2) for erroneous proceedings against a . . . person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings; . . . [or] (9) unavoidable casualty or misfortune preventing the party from prosecuting or defending."

Anderson's motions for relief under CR 60(b) assert that she was hospitalized after suffering a stroke on September 1, 2015, and would be incapacitated until about May 2016. However, during that time period she filed many motions and supporting documents in the trial court, including about six motions for relief after the order of dismissal was entered. The record shows that she was actively participating in the proceedings during the time she alleges she was incapacitated. She has not explained how her alleged stroke and hospitalization impacted her ability to prosecute her case.

Anderson has not shown that she was prevented from prosecuting her case or was of unsound mind. CR 60(b)(2), (9). Nor has she demonstrated a mistake, excusable neglect, or an irregularity in obtaining the order of dismissal. CR 60(b)(1). Because Anderson has not shown how her alleged illness impacted or impeded her ability to prosecute her case, the trial court did not

abuse its discretion in denying Anderson's motions for relief under CR 60(b)(1), (2) and (9).

Anderson also claims that the trial court erred in refusing to consider her medical reports. She does not point to any evidence of such refusal in the record.

The Wills previously moved to dismiss Anderson's appeal as frivolous under RAP 18.9(c)(2). In a ruling on November 23, 2016, this court's commissioner denied the motion "at this time." Anderson then filed her opening brief on February 28, 2017. The Wills filed a response brief on March 30, 2017. Anderson filed a reply brief on April 26, 2017. The Wills continue to argue that the appeal is frivolous. Upon review of the briefs, we agree. As a sanction under RAP 18.9(a), we order Anderson to pay the Wills' attorney fees for this appeal, subject to their compliance with RAP 18.1(d).

Affirmed.

Becker, J.

WE CONCUR:

4