**FILED**
**OCTOBER 23, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35207-2-III |
| | ) | |
| CATHRINE J. MARCHESSEAULT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| CHAD E. MARCHESSEAULT, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Cathrine Marchesseault, now known as Cathrine Roe, appeals various aspects of a superior court ruling denying her motion to vacate a parenting plan. We affirm.

## FACTS

Cathrine Roe and Chad Marchesseault separated in the summer of 2014. They share three children. The parties' dissolution was very contentious. Ms. Roe has made allegations of domestic violence against Mr. Marchesseault. Those allegations have never been proved in any legal proceedings.

During the parties' December 2015 parenting plan trial, the court heard testimony from Joan Chase, a mental health therapist who had been appointed for the parties' children. Ms. Chase had been referred to work on the case by the assigned guardian ad

litem (GAL). But by the time of trial, the GAL was unable to participate due to a conflict

of interest. The court allowed Ms. Chase to testify about her recommendations for the

children, given the absence of input from a GAL. Ms. Chase testified the children were

not abused by Mr. Marchesseault nor were they afraid of him. Ms. Chase also believed

Ms. Roe had been involved in coaching the parties' children. The trial court appears not

to have placed much emphasis on Ms. Chase's testimony, as it commented Ms. Chase

appeared biased in favor of Mr. Marchesseault.

It is evident from the December 22, 2015, oral findings and ruling that the trial

court had concerns about both parties' credibility. The court ultimately designated

Ms. Roe and Mr. Marchesseault as joint custodians of the children with equal residential

time. The court declined Ms. Roe's request to relocate the children to Florida. The court

indicated that if Ms. Roe still chose to move during the time that Mr. Marchesseault's

military assignment kept him in Spokane, the children would be placed with Mr.

Marchesseault. The final order on the parenting plan was entered on February 1, 2016.

The order was not appealed.

While the parties litigated the parenting plan, disputes arose over two pieces of

personal property relevant to this appeal: a laptop computer and an Amazon Kindle.

The laptop had been in Mr. Marchesseault's possession and the Kindle belonged to

Mr. Marchesseault, but he left the Kindle in the possession of the parties' children.

Under the terms of the court's orders, Ms. Roe was to be given access to the laptop so she could review and copy some personal files. However, by the time Mr. Marchesseault provided Ms. Roe the laptop, nearly all of her files were gone. Ms. Roe discovered the laptop's hard drive had been replaced and that Mr. Marchesseault had made a forensic copy of the old hard drive. Based on this information, Ms. Roe filed a motion for contempt. The court granted the motion and ordered Ms. Roe be provided the forensic image of the original hard drive that had been obtained by Mr. Marchesseault. The court also ruled that because Mr. Marchesseault misappropriated the laptop and hard drive and shared it with a third party for forensic imaging, he had waived attorney-client privilege as to items on the laptop and its hard drive.

Shortly after the court's ruling regarding the laptop, Ms. Roe filed a motion to vacate the final parenting plan. A motion under CR 60(b)(4) was filed on May 25, 2016, and an amended or corrected motion under CR 60(b)(3), CR 60(b)(4), and CR 59(b) was filed on June 17. Attached to Ms. Roe's motions to vacate were numerous e-mails between Mr. Marchesseault and his attorney. Ms. Roe had recovered the e-mails from Mr. Marchesseault's Kindle that had still been in use by the parties' children.

The court denied Ms. Roe's motion to vacate. The court also ruled Ms. Roe had improperly intercepted attorney-client privileged e-mails from Mr. Marchesseault's Kindle. The court ruled it would not consider the intercepted e-mails in its ruling on

3

Ms. Roe's motion to vacate. The court ordered "that any privileged material be stricken from the court file" and "none of these privileged documents shall be used in any future filings before the court." Clerk's Papers at 2199. Although the trial court declined to disqualify Ms. Roe's attorney from further representation, it did impose a $2,500 sanction.

Ms. Roe appeals the trial court's order denying her motion to vacate and the order redacting the court file and granting sanctions to Mr. Marchesseault.

ANALYSIS

*Motion to vacate parenting plan*

A trial court's decision on a motion to vacate under CR 60(b) is reviewed for manifest abuse of discretion. *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013); *In re Parentage of Goude*, 152 Wn. App. 784, 790, 219 P.3d 717 (2009) (citing *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990)). The court abuses its discretion when it bases its decision on untenable grounds or untenable reasons. *Tang*, 57 Wn. App. at 653. An appeal from the denial of such a motion under CR 60(b) is limited to the propriety of the denial. *State v. Santos*, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985); *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). It does not resurrect an appeal of issues pertinent only to the underlying judgment. *Id.*

Relevant here, CR 60(b) permits relief from a final order on a showing of: "(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)," or "(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Under the "newly discovered evidence" standard, the evidence a party presents in their CR 60(b)(3) motion must truly be newly discovered rather than evidence that was available but not presented at trial. *See In re Marriage of Knutson*, 114 Wn. App. 866, 872, 60 P.3d 681 (2003). In addition, the evidence must be sufficiently important that it could "probably change the result if a new trial were granted." *Jones*, 179 Wn.2d at 360. Under CR 60(b)(4), a party must establish fraud, misrepresentation, or misconduct by clear and convincing evidence. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). Relief under CR 60(b)(4) is only authorized if the alleged fraud actually caused the entry of judgment "such that the losing party was prevented from fully and fairly presenting its case or defense." *Id.*

The trial court excluded much of the information submitted by Ms. Roe in support of her motion because it was protected by attorney-client privilege. As noted by the trial court, the contempt order pertaining to the laptop did not extend to Mr. Marchesseault's Kindle. To the extent Ms. Roe and her attorney used Mr. Marchesseault's Kindle to access communications with his attorney, they improperly accessed privileged

5

communications.  The trial court appropriately exercised its discretion in excluding the

protected e-mails from consideration on Ms. Roe's motion.[1]

With respect to the remaining information supplied by Ms. Roe, the trial court

determined it was not material and would not have altered the court's parenting plan.

This determination fell well within the trial court's "considerable discretion" and

therefore does not qualify for relief on appeal.  *Jones*, 179 Wn.2d at 361; *Lindgren*,

58 Wn. App. at 595-96.

*Imposition of sanctions*

Ms. Roe argues the trial court improperly imposed sanctions because the prior

contempt order against Mr. Marchesseault waived attorney-client privilege as to e-mails

---

[1] Even if the e-mails had not been struck from the record, Ms. Roe would not be able to make a claim for relief under CR 60(b)(3) or (4).  Assuming for the sake of argument that it was proper for Ms. Roe to lay bare the content of Mr. Marchesseault's e-mails, she has not demonstrated the e-mails were otherwise undiscoverable through due diligence.  The e-mails submitted by Ms. Roe were dated from January 2014 to January 2015.  Trial was held in December 2015.  Given Ms. Roe had continued access to the Kindle, and by her own admission was able to read some e-mails on the Kindle prior to trial, Ms. Roe cannot establish the e-mails met the terms of newly discovery evidence as contemplated by CR 60(b)(3).  In addition, the primary reason Ms. Roe claims the e-mails were relevant was to undercut the testimony of Joan Chase.  But the court's oral trial ruling already recognized Ms. Chase was biased.  The information before the court at the parenting plan trial was sufficient to demonstrate Mr. Marchesseault had exerted significant influence on Ms. Chase.  Ms. Roe does not demonstrate that additional evidence of influence would have materially affected the outcome of the case as required for relief under CR 60(b)(4).

on the Kindle.  As previously stated, this argument misconstrues the record.  The contempt order was specific to the laptop.  It did not cover the Kindle.  Nor did it contemplate Ms. Roe would access web-based e-mails simply because those e-mails also could have been accessed from the laptop.  The trial court accurately concluded that it had never ordered a waiver of privilege as to e-mails accessed from Mr. Marchesseault's Kindle.

Given the lack of any court order pertaining to e-mails on the Kindle, the trial court appropriately found Ms. Roe's attorney should have affirmatively taken protective measures on discovering the intercepted e-mails between Mr. Marchesseault and his attorney.  CR 26(b)(6); RPC 4.4(b).  Had protective measures been taken, the court may well have reviewed the e-mails in camera to determine whether an exception to privilege might apply.  But due to the lack of protective measures, the trial court acted within its discretion to impose a monetary penalty in lieu of attorney disqualification.  The court's penalty assessment is therefore affirmed.

*Joan Chase, court-appointed child therapist, as an expert witness*

Ms. Roe argues the trial court erred in allowing Ms. Chase to testify as an expert witness at the parenting plan trial.  This is an issue pertaining to the court's parenting plan decision, not the motion to vacate.  Because Ms. Roe did not appeal the parenting plan order, the rulings underlying that judgment cannot be asserted as part of the current

7

No. 35207-2-III
*In re Marriage of Marchesseault*

appeal. *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002) ("[A]n unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion.").

## ATTORNEY FEES

Mr. Marchesseault requests an attorney fee award under RAP 18.9(a), which allows sanctions based on a frivolous appeal. We decline to exercise our discretion to grant this request for fees.

## CONCLUSION

The orders of the superior court are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Korsmo, J.

8