# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

DOMINICK ANDREZZE,

              Appellant,

and

BRILEE ANDREZZE,

              Respondent.

DIVISION ONE

No. 83466-5-I

UNPUBLISHED OPINION

DWYER, J. — Brilee Jessop[1] appeals from the superior court's orders denying both her motion to vacate an amended dissolution decree and her motion for reconsideration. Jessop asserts that the superior court erred by denying her motion to vacate the amended dissolution decree because, according to Jessop, she was entitled to relief pursuant to CR 60(b)(1) and (4). Additionally, Jessop contends that the superior court erred by (1) deciding the motion to vacate based solely on the arguments of the parties and documentary evidence, (2) relying on extrinsic evidence when ruling on the motion to vacate, (3) denying her motion for reconsideration, and (4) awarding Dominick Andrezze attorney fees and costs for responding to her motion for reconsideration. Because Jessop fails to establish an entitlement to relief on any of her claims, we affirm.

---

[1] A declaration of Brilee filed in the superior court provides that her "legal name is now Brilee Jessop." Accordingly, we refer to her as such.

I

In March 2014, Brilee Jessop and Dominick Andrezze married.  In 2015, they purchased a house in Lacey, Washington.  In June 2016, Andrezze filed a petition for dissolution of marriage in the Thurston County Superior Court.

On October 5, 2016, the superior court entered a dissolution decree.  Pursuant to this decree, Jessop was awarded the house and Andrezze was ordered to "sign a Quit Claim Deed and Real Estate Excise Tax Affidavit to transfer the real property to [Jessop] . . . within 4 months of decree."  According to a declaration of Andrezze, the reason for this provision "was for [Jessop] to refinance the property and ensure that [Andrezze's] name was off of the mortgage."

However, according to Andrezze, "[a]fter four (4) months after entry of the Decree, [Jessop] told [Andrezze] that she attempted to refinance the property but could not due to issues with her credit."  Andrezze's declaration provided that he and Jessop subsequently agreed that Andrezze would assume ownership of the property.  Additionally, according to his declaration, Andrezze entered into a written rental agreement with Jessop and her new husband under which they agreed to rent the property from Andrezze.

The declaration of Andrezze further stated that he and Jessop agreed to amend the dissolution decree to reflect their agreement.  In February 2018, Andrezze contacted an employee at the superior court clerk's office.  Andrezze's declaration averred that, pursuant to the advice of this employee, Andrezze made various edits to a copy of the original dissolution decree, including the use

of "white-out" to remove the signatures from the document. Andrezze's edits provided that he would be awarded ownership of the property.

After making these edits, Andrezze presented to Jessop the proposed amended dissolution decree. According to Andrezze, Jessop initialed the edits and signed the document. Subsequently, Andrezze filed the signed copy of the proposed amended dissolution decree in the superior court. On February 12, 2018, the superior court entered the amended dissolution decree.

Over two years later, on March 2, 2020, Jessop filed a motion to vacate the amended dissolution decree pursuant to CR 60(b)(1) and (4). Attached to this motion was a declaration of Jessop in which she stated that she never signed or initialed the amended dissolution decree.

On July 23, 2020, a superior court commissioner conducted a preliminary hearing regarding Jessop's motion. During this hearing, the court commissioner explained that, because a show cause order had not been entered, the hearing on the motion would be rescheduled to a later date.

On October 13, 2020, the court commissioner heard Jessop's motion. During the hearing, the court commissioner ruled that Jessop failed to establish an entitlement to relief pursuant to either CR 60(b)(1) or CR 60(b)(4). On November 10, the court commissioner entered a written order denying the motion to vacate.

On November 20, 2020, Jessop filed a motion for reconsideration. On January 5, 2021, the court commissioner heard the motion for reconsideration. Both Jessop and her counsel failed to appear at the hearing. During the hearing,

Andrezze's counsel requested that the court commissioner deny the motion for reconsideration and award to Andrezze attorney fees and costs incurred by Andrezze "in order to prepare for and appear at the hearing this morning."

On January 14, 2021, the court commissioner entered an order denying Jessop's motion for reconsideration. This order provided that "the Petitioner is granted as judgment of attorney's fees and costs . . . for preparing for and appearing for this hearing only."

Jessop appeals.

II

Jessop first contends that the superior court erred by denying her motion to vacate the amended dissolution decree. This is so, Jessop asserts, because she was entitled to relief from the amended dissolution decree pursuant to CR 60(b)(1) and (4). We disagree.

A trial court's decision on a motion to vacate a judgment under CR 60(b) is reviewed for abuse of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Laidlaw, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018).[2]

---

[2] Jessop contends that we should review the superior court's decision on the motion to vacate de novo because the superior court made its decision on the motion to vacate based solely on the arguments of the parties and documentary evidence. In support of this argument, Jessop cites to Binkerhoff v. Campbell, 99 Wn. App. 692, 994 P.2d 911 (2000). However, the issue in Binkerhoff did not regard a trial court's decision on a motion to vacate. Rather, the issue in that case regarded a "trial court's decision to enforce [a] settlement agreement." Binkerhoff, 99 Wn. App. at 696. Therein, we explained that, "[w]hen a moving party relies on affidavits or declarations to show that a *settlement agreement* is not genuinely disputed, the trial court proceeds as if considering a motion for summary judgment." Binkerhoff, 99 Wn. App. at 696 (emphasis added). As such, "the applicable standard of review is de novo because the evidence before the trial court consisted entirely of affidavits *and the proceeding is similar to a summary*

CR 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
　　　(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
　　　. . .
　　　(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
　　　. . .
　　　The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

In her motion to vacate, Jessop claimed that she was entitled to relief from the amended dissolution decree pursuant to both CR 60(b)(1) and (4).  The superior court ruled that Jessop's request for relief under CR 60(b)(1) was untimely because Jessop's motion to vacate was filed more than one year after the amended dissolution decree was entered.  Concerning Jessop's request for relief under CR 60(b)(4), the superior ruled that Jessop failed to produce sufficient evidence of fraud.

The superior court did not abuse its discretion with regard to either of these rulings.  The amended dissolution decree was entered on February 12, 2018.  Jessop filed her motion to vacate the amended dissolution decree on March 2, 2020.  Because Jessop filed her motion to vacate more than one year after the amended dissolution decree was entered, her request for relief pursuant to CR 60(b)(1) was untimely.  See CR 60(b).

---

*judgment proceeding*." Binkerhoff, 99 Wn. App. at 696 (emphasis added).  The proceeding herein was not similar to a summary judgment proceeding.  Rather, it involved a motion to vacate an order entered by the superior court.  Accordingly, the appropriate standard of review is abuse of discretion.  See Tang, 57 Wn. App. at 653.

Additionally, the superior court did not err by ruling that Jessop failed to produce sufficient evidence of fraud, misrepresentation, or other misconduct. "A party seeking to vacate a judgment under CR 60(b)(4) must establish by clear and convincing evidence that the fraudulent conduct or misrepresentation caused the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." In re Vulnerable Adult Petition for Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 830, 460 P.3d 667 (2020) (citing Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990)), review denied, 196 Wn.2d 1025 (2020). "'Clear and convincing evidence' is that which shows the ultimate fact in issue to be highly probable." Winter, 12 Wn. App. 2d at 830.

In a declaration, Jessop stated that she never signed the amended dissolution decree. Jessop also submitted a report from a document examiner wherein the document examiner concluded that it was "highly probable" that the amended dissolution decree was "an alteration" of the original dissolution decree. However, Andrezze never disputed that the amended dissolution decree was an alteration of the original decree. Instead, in a declaration, Andrezze explained that he made various edits to the original dissolution decree, including the use of "white-out" in certain areas of the document. According to Andrezze, he made these edits to the original decree upon the advice of an employee in the clerk's office at the superior court and in order to prepare a legible order in an acceptable format. Andrezze also stated that, after making these edits, he presented the proposed amended dissolution decree to Jessop and that she

initialed the changes and signed the document. Andrezze also stated that, after signing the proposed decree, Jessup signed a rental agreement to remain in the home. On this record, the superior court did not abuse its discretion by ruling that Jessop failed to establish an entitlement to relief pursuant to CR 60(b)(4).

Accordingly, Jessop's assignment of error fails.

III

Jessop also asserts that the superior court erred by relying solely on the arguments of the parties and documentary evidence when ruling on her motion to vacate the amended dissolution decree. Because Jessop did not timely request an evidentiary hearing or object to the superior court deciding the motion in the manner indicated, Jessop's argument fails.

"A litigant may not remain silent regarding a claimed error and later raise the issue on appeal." Leen v. Demopolis, 62 Wn. App. 473, 479, 815 P.2d 269 (1991). Indeed, in Leen, a party "made no request to present live testimony" and "did not timely object to the trial court deciding the issue upon affidavits." 62 Wn. App. at 478-79. As a result, we held that the party "waived his argument that the fact dispute . . . could not be resolved on conflicting affidavits." Leen, 62 Wn. App. at 479.

Here, the record establishes that Jessop failed to timely object to and, in fact, *consented* to the superior court deciding the motion based solely on the arguments of the parties and documentary evidence. On July 23, 2020, the superior court conducted a preliminary hearing on Jessop's motion to vacate. During that hearing, the superior court explained that a show cause order had not

yet been entered. The superior court then explained that another hearing on the motion should be scheduled. In so doing, the superior court inquired whether "there [was] a need for an evidentiary hearing and an assessment of credibility."

In response, Jessop's counsel stated: "If you believe you need an evidentiary hearing, then we should schedule a hearing. *But we think that the declarations are overwhelming in support of my client's position in this matter*." (Emphasis added.)

Shortly thereafter, the superior court clarified:

> So I don't think that it is a matter of what I want. It is a matter of what the parties feel is necessary. Given the allegations of fraud found here, that always raises for the court a question of whether testimony should be taken and credibility assessments made. Neither party is requesting that, and so I will sign off on a show cause order when presented.

At the conclusion of this hearing, the superior court reiterated that "[b]oth counsel indicated an evidentiary hearing was unnecessary." Jessop's counsel did not object.

During the subsequent hearing on Jessop's motion to vacate, the following exchange took place between Jessop's counsel and the superior court:

> [COUNSEL]: . . . And if you – Ms. Jessop is on the line if you need to hear from her.
> Thank you, Your Honor.
> . . . .
> THE COURT: Thank you. I'm unable to take testimony on this calendar, as you know --
> [COUNSEL]: Okay
> THE COURT: -- as this is a motion calendar, and I'm already into the 11 o'clock calendar with my 10 o'clock cases. So that is just not feasible today.
> [COUNSEL]: I understand that, Your Honor. And thank you.

8

Again, Jessop's counsel did not raise an objection.[3]  Because Jessop failed to timely object to the superior court deciding the motion to vacate based solely on documentary evidence, the issue is waived.  See Leen, 62 Wn. App. at 478-79.

In any event, when a trial judge serves as the finder of fact, the trial court has broad discretion to decide issues based solely on documentary evidence.  See Thomas Ctr. Owners Ass'n v. Robert E. Thomas Trust, __ Wn. App. 2d __, 501 P.3d 608, 621-22 (2022).  In such circumstances, trial courts have properly weighed the credibility of the parties based solely on documentary evidence.  See, e.g., In re Marriage of Rideout, 150 Wn.2d 337, 350-52, 77 P.3d 1174 (2003).  Indeed, CR 43(e)(1) provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."  Jessop was entitled to request the opportunity to present live testimony.  However, she failed to make that request.

Accordingly, the superior court did not err by deciding the motion to vacate based solely on the arguments of the parties and documentary evidence.

IV

Jessop next contends that the superior court improperly introduced and relied upon extrinsic evidence when ruling on the motion to vacate.  Because the superior court did not introduce extrinsic evidence, this argument fails.

---

[3] Instead, Jessop objected to this procedure for the first time in her motion for reconsideration.

It is well established that finders of fact "may . . . rely on their personal life experience to evaluate the evidence presented at trial." Breckenridge v. Valley Gen. Hosp., 150 Wn.2d 197, 199 n.3, 75 P.3d 944 (2003); accord Richards v. Overlake Hosp. Med. Ctr., 59 Wn. App. 266, 273-75, 796 P.2d 737 (1990).

During the second hearing on Jessop's motion to vacate, the court commissioner explained:

> It is an unfortunate fact of the commissioners' lives that we often are presented with a document from self-represented parties which is a formerly original document where they have whited out the original signatures, slapped on the word "amended" and asked for a new signature. It is not the cleanest practice, but it is a standard practice. And I just want to be very clear that that has happened almost every single day in my 13 years here on the bench.

The court commissioner did not introduce extrinsic evidence. Rather, the court commissioner, in the role as fact finder, relied on the commissioner's judicial experience to provide context to the issues presented in Jessop's motion to vacate. The comments were entirely proper. See Breckenridge, 150 Wn.2d at 199 n.3.

Accordingly, Jessop's claim is without merit.

V

Jessop additionally asserts that the superior court erred by denying her motion for reconsideration of the order denying her motion to vacate. Because Jessop failed to establish an entitlement to relief pursuant to CR 59, we disagree.

"We will not reverse a trial court's ruling on a motion for reconsideration . . . absent a showing of manifest abuse of discretion." In re Marriage of Tomsovic, 118 Wn. App. 96, 108, 74 P.3d 692 (2003).

In her motion for reconsideration, Jessop asserted, for the first time, that the superior court erred by ruling on the motion to vacate based solely on the arguments of the parties and documentary evidence. However, as already explained, the superior court did not err by deciding the motion to vacate in this manner.

Next, attached to the motion for reconsideration was a declaration of Jessop in which she stated, for the first time, that she "only signed one document allowing Dominick to refinance the house." In this declaration, Jessop also claimed, for the first time, that "Dominick stated he was going to kick me out if I didn't sign a lease." Furthermore, attached to the motion for reconsideration was an exhibit, which, according to Jessop's declaration, demonstrated that the "house [was] worth almost $60,000.00 more than what [she] bought it for."

A motion for reconsideration may be granted when the moving party presents new material evidence that could not have been introduced at trial. CR 59(a)(4). "However, evidence presented for the first time in a motion for reconsideration without a showing that the party could not have obtained the evidence earlier does not qualify as newly discovered evidence." Tomsovic, 118 Wn. App. at 109. Because the additional evidence that Jessop presented to the superior court in the motion for reconsideration was available to her before the superior court ruled on the motion to vacate, Jessop was not entitled to relief pursuant to CR 59(a)(4).

Finally, in her motion for reconsideration, Jessop asserted, without citation to authority, that "if the court awards the property to Petitioner, the Respondent

11

should receive $60,000.00 from the equity she has brought to the property." On appeal, Jessop claims that "[t]his alternative request [was] grounded in RCW 26.09.080."[4] However, "CR 59 does not permit a plaintiff to propose new theories of the case that could have been raised before entry of an adverse decision." Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005). Furthermore, Jessop's argument fails to recognize the nature of the proceeding that was before the superior court. Jessop did not file any motion wherein she requested relief pursuant to RCW 26.09.080. Rather, she filed a motion to vacate the amended dissolution decree.

For these reasons, the superior court did not err by denying the motion for reconsideration.

VI

Jessop finally contends that the superior court erred by awarding Andrezze attorney fees and costs. We disagree.

We apply a two-part review of an award of attorney fees entered by the superior court: "(1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). Additionally, "[w]e may sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof." Wendle v. Farrow, 102 Wn.2d 380, 382, 686 P.2d 480 (1984).

---

[4] Br. of Appellant at 20.

It is well established that "[a] trial court may consider whether additional legal fees were caused by one party's intransigence and award attorney fees on that basis." In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). "When intransigence is established, the financial resources of the spouse seeking the award are irrelevant." In re Marriage of Morrow, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). Intransigence includes foot dragging and obstruction, filing repeated unnecessary motions, "or simply when one party made the trial unduly difficult and increased legal costs by his or her actions." Greenlee, 65 Wn. App. at 708.

The superior court's order denying Jessop's motion for reconsideration provided that "the Petitioner is granted as judgment of attorney's fees and costs . . . for preparing for and appearing for this hearing only." In this order, the superior court explained that both Jessop and her counsel failed to appear at the hearing on her motion for reconsideration and that Jessop failed to provide "judge's copies" of various filings as was required by Thurston County Local Civil Rule 59.[5]

Jessop does not dispute that she and her counsel failed to appear at the hearing on her motion for reconsideration. Nor does she dispute that she failed

---

[5] Local Civil Rule 59 provides, in pertinent part:
**(b) Time for Motion; Contents of Motion.**
(1) *Procedures for Orders for Reconsideration.* Briefs and affidavits or declarations in support of a motion for reconsideration shall be filed and served when the motion is filed. *At the time of filing, the moving party shall provide judge's copies of the motion, brief, affidavit, proposed order, and notice of issue to court administration.*
(Emphasis added.)

to comply with the requirements of Local Civil Rule 59. Jessop's conduct in these respects amounted to intransigence.

Accordingly, the superior court did not err by awarding Andrezze attorney fees and costs.

VII

Andrezze requests an award of attorney fees on appeal as a result of Jessop's intransigence. "[A] party's intransigence in the trial court can . . . support an award of attorney fees on appeal." In re Marriage of Mattson, 95 Wn. App. 592, 606, 976 P.2d 157 (1999). Because Andrezze successfully defended against Jessop's appellate challenge to the award of attorney fees entered by the superior court, Andrezze is entitled to an award of attorney fees on appeal for the time and effort expended in defending the superior court's ruling on that issue.[6]

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____          _____

---

[6] Andrezze also requests an award of attorney fees on appeal pursuant to RAP 18.9. We decline to award attorney fees on this basis. Additionally, Jessop requests an award of attorney fees on appeal pursuant to RAP 18.1. We deny this request.