**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Parenting and Support of J.K. | No. 86621-4-I |
| ANGELA NICHOLE EIDENSCHINK, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| RICHARD IVAN KENNEY, | |
| Respondent. | |

MANN, J. — Angela Eidenschink and Richard Kenney share a child, J.K. Following the entry of a temporary parenting plan, the guardian ad litem (GAL) requested a trial setting to establish a final parenting plan. Eidenschink was not present for trial and a final parenting plan was entered that reduced her parenting time and limited her decision-making. Eidenschink unsuccessfully moved to vacate the final parenting plan under CR 60(b). Eidenschink appeals and argues that because she did not receive notice of the trial, the trial court abused its discretion by denying the motion to vacate the final parenting plan. We agree. We reverse, vacate the final parenting plan, and remand for a new trial to establish a final parenting plan.

I

J.K. was born in 2011.  In 2019, Eidenschink petitioned in Grays Harbor County Superior Court to establish a temporary parenting plan for J.K.  The temporary plan provided that J.K. would reside primarily with Kenney except for Sunday morning to Wednesday morning when J.K. would live with Eidenschink.  All decision-making under the temporary plan was joint between Eidenschink and Kenney.  The plan required the parties resolve disputes through mediation.

In September 2022, the assigned GAL, requested a nonjury trial to establish a final parenting plan.  The form request included an "accurate list of the names and addresses of all persons entitled to notice," consisting of Eidenschink and Kenney.  On October 17, 2022, notice of trial was sent by the court to Eidenschink and Kenney at their prior mailing addresses—different from those included on the request for trial setting.  The notice mailed to Eidenschink's prior address was returned to the court as "RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD."  The notice of trial was also sent electronically to the GAL.

The pretrial conference was set for October 31, 2022, and trial was set for November 8, 2022.  Kenney and the GAL were present at the pretrial conference but Eidenschink was not.  Neither Eidenschink or the GAL appeared for trial on November 8.

On November 17, 2022, the trial court entered a final order and final parenting plan.  The final plan limited major decision-making to Kenney based in part on Kenney's testimony that Eidenschink had substance abuse issues.  The final plan also changed the residential schedule so that J.K. was to live with Kenney except for every other

weekend from Friday after school to Monday morning when J.K. would live with Eidenschink. The final parenting plan suspended Eidenschink's parenting time until she disclosed to Kenney the full name and date of birth of any adults living with her.

On November 28, 2022, Eidenschink moved to vacate the final parenting plan under CR 60. She argued that there was a clerical error under CR 60(a) because the court clerk should have mailed notice of trial to her address included on the request for trial setting. Eidenschink also argued that the final parenting plan should be vacated because of mistake, inadvertence, surprise, excusable neglect or irregularity under CR 60(b)(1). The trial court denied the motion to vacate.

Eidenschink appeals.

II

Eidenschink argues that the trial court erred by denying her motion to vacate under CR 60(b). Eidenschink asserts she did not receive notice of trial because the court did not send the notice to her mailing address included on the request for trial setting.[1] We agree.

An order on a motion to vacate is reviewed for abuse of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). An abuse of discretion means the trial court exercised its discretion on untenable grounds or for untenable reasons. Tang, 57 Wn. App. at 653. "[R]eview of a CR 60(b) decision is limited to the

---

[1] Eidenschink also asserts a violation of the notice requirement in CR 52(c), which requires presentation of proposed orders. However, Eidenschink did not make this argument below and so we do not address it. Jones v. City of Seattle, 179 Wn.2d 322, 337-38, 314 P.3d 380 (2013). Moreover, because Eidenschink was absent for trial, she is not entitled to notice under CR 52(c).

trial court's decision, not the underlying order the party seeks to vacate." In re Marriage of Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015).

CR 60(b)(1) provides that the court may relieve a party from "mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." An irregularity occurs "'when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unreasonable time or in an improper matter.'" Lane v. Brown & Haley, 81 Wn. App. 102, 106, 912 P.2d 1040 (1996) (quoting Mosbrucker v. Greenfield Implement, Inc., 54 Wn. App. 647, 652, 774 P.2d 1267 (1989)). Irregularities "typically involve procedural defects unrelated to the merits." Tang, 57 Wn. App. at 654.

Under the civil rules, every written notice must be served to each party. CR 5(a). Additionally, "either party, after the notice of trial, whether given by either party, may bring the issue to trial." CR 40(a)(5). To set trial, Grays Harbor County requires the following:

> All parties shall file a Request for Trial Setting utilizing the format form . . . and shall include a list of persons entitled to notice with their addresses. All parties have the obligation to inform the Court Administrator promptly of any errors or changes in this list. A copy of the request shall be provided to the opposing party or his or her attorney and to the Court Administrator. Ten days after receipt of the first request, the Court Administrator shall schedule the trial.

GHLCR 40(b).

Here, Eidenschink was not provided notice of trial. The GAL requested trial setting according to local rule 40(b) and included Eidenschink and her address in the list of persons entitled to notice—presumably so that the notice of trial could be properly

served by mail. But the notice of trial was sent by the court to Eidenschink's previous address. It makes little sense for the rule to require that parties provide contact information and obligate the parties to inform the court of any errors or changes only for the court to then disregard such information. Further, because Eidenschink was not provided notice of trial, any hearing that proceeded in her absence was contrary to CR 40(a)(5). Because the record reflects that the notice of trial was provided in violation of the applicable rules, an irregularity occurred under CR 60(b)(1). See Gage v. Boeing Co., 55 Wn. App. 157, 165, 776 P.2d 991 (1989) (holding that failure to provide notice as required by a civil rule was an irregularity under CR 60(b)(1)). Thus, the trial court abused its discretion by denying the motion to vacate.

We reverse, vacate the final parenting plan, and remand for a new trial to establish a final parenting plan.[2]

_____
Mann, J.

WE CONCUR:

_____                    _____
Coburn, J.                                  Smith, C.J.

---

[2] Because we reverse and remand under CR 60(b)(1) we do not address Eidenschink's other arguments.